## WILLIAM C. KENDRICK v. WILLIAM M. RICE.

In the case of Turner v. Smith, 9 Tex. R. 626, the defendants in the original judgment, not included in the execution, having died, the question was, whether they were properly omitted in issuing execution. It was held that they were : because execution could not issue against their estates.

Where part only of several defendants appeal, and the judgment is affirmed, the most convenient and less expensive course is to include all in one execution, expressing theirein distinctly, the several liability of each, if different; as where damages for delay are given on the appeal.

Where one of two defendants prosecuted a writ of error, and the judgment was affirmed with damages, and execution issued against both defendants for the amount of the original judgment and the damages and costs on error, less a credit which was allowed, and which exceeded the amount of the damages and costs on error, it was held that the defendant who did not join in the prosecution of the writ of error, could not complain of the execution, unless he showed that he had made the payment which was credited on the execution.

The complaint, as respects the levy, (that plaintiff had no notice to point out property,) is equally without merits. The plaintiff avers that he resides in a different county from that in which the judgment was rendered, and to which the execution issued ; and he does not pretend that he had any agent or attorney in the county, authorized to point out property, or that he had any property in the county, subject to be taken in execution.

The principal debtor cannot require that a levy be made on the personal property of his surety, or of the surety on appeal of his co-defendant, rather than on his own improved real estate.

The officer being authorized to make the levy, under the circumstances, it is immaterial whether the property was pointed out by the plaintiff's attorney or not.

An injunction to restrain the sale of improved land, under execution, on the ground that the defendants had unimproved lands and general property, out of which the money could be made, is an injunction to restrain the collection of money, within the meaning of Art. 1603, Hart. Dig. ; and on a dissolution thereof, judgment should be rendered against the principal and sureties in the injunction bond, for the amount due on the execution.

Error from Montgomery.    Tried before the Hon. Peter W. Gray.

Kendrick v. Rice.

At the Fall Term, 1852, of the District Court of Montgomery County, Rice & Nichols recovered a judgment against William C. Kendrick and Robert C. Martin, for the sum of $1,166 74-100 and costs of suit. On the 2nd day of February, 1853, Martin prosecuted a writ of error, with James H. Mitchell and J. M. Lewis as his sureties. On the 25th day of January, 1854, the judgment below was affirmed, and it was adjudged that the defendants in error recover of the plaintiff, the said Robert Martin, and his sureties, James H. Mitchell and J. M. Lewis, the amount adjudged below, together with ten per centum damages, to be computed on the principal sum adjudged, and added to the amount recovered, and all costs in this behalf expended. On the third day of October, 1854, execution issued out of Montgomery District Court, to the Sheriff of that county, reciting the recovery of the original judgment, the issue of execution on the 2nd day of November, 1852, the supersedure of said execution "by writ of error sued "out by said Martin and Kendrick, February 2nd, 1853, by a "bond executed by R. B. Martin, James H. Mitchell and J. "M. Lewis," the affirmance of the judgment "against Robert B. Martin and his sureties, James H. Mitchell and J. M. Lewis," with ten per cent. damages and costs ; and commanded the Sheriff to make the sum of $1,166 74, also $116 67, assessed by the Supreme Court, and all costs that may accrue on this execution, (the balance of costs having been paid,) and interest, &c., out of the goods and chattels, lands and tenements of Robert B. Martin, William C. Kendrick, James H. Mitchell and John M. Lewis. The execution contained a statement in the body thereof, as follows : This execution is entitled to a credit of $288 54, which amount was paid on the 5th day of September last.

Levy : By virtue of this execution I have this day levied upon the following property pointed out to me by A. Hemphill, attorney for plaintiff, to wit : piece, parcel or lot of land, lying in the County of Montgomery, adjoining the Town of

Montgomery, it being the same lot or parcel of land sold by J. O. Gafford and wife to William C. Kendrick, beginning, &c., as the property of one of the defendants.   Oct. 5th, 1854.

This suit was commenced by Kendrick, the appellee, by application for injunction, to the Hon. R. E. B. Baylor, Judge of the third Judicial District, "because the Hon. Peter W. Gray, "Judge of the seventh Judicial District of said State, is re-"lated to one of the parties defendant herein, within the pro-"hibited degree."   The injunction was ordered to issue "enjoining only the sale of the land belonging to the petitioner," &c.   The injunction accordingly only enjoined a sale of the particular land levied on.

The petitioner alleged, in addition to a history of the case, which has been already given, that the writ of error was prosecuted by Martin without this plaintiff's knowledge or consent ; in alluding to the credits on the execution, read, "less some credits therein mentioned, arising from previous sales ;" alleged that said levy was made by order of the plaintiff's attorney, without notice to your petitioner and without permitting him to designate property levied on, as under the law, was his right ; alleged, excess in the levy ; alleged, that the land levied on was and now is cultivated and improved land, and that the defendants in said execution had, at the time of the rendition of judgment, and of the issue and levy of said execution, and now have, personal property, unimproved lands and slaves in the County of Montgomery, and subject to said execution, more than sufficient to satisfy the same, all which facts were known to said Sheriff and said plaintiff's attorney, at the time of the levy as aforesaid.   Prayer for an injunction against the sale of said land, at least until after the defendants herein shall have exhausted all the property of an inferior degree, belonging to the defendants in said execution, within the County of Montgomery.   The petition alleged the residence of the plaintiff in Grimes County.

Answer by Rice, containing nothing but a history of the

case, except a denial that the property was pointed out by the attorney of the plaintiffs in execution, and a prayer for such order and decree in the premises as in law and equity may be meet and proper, and that in case the injunction should be perpetuated, the Sheriff should be required to pay the costs. It appeared by allegation in the answer of Rice, and by exhibit filed, that Nichols had assigned to Rice, all his interest in the judgment.

The Sheriff demurred ; alleged that Kendrick was living in Grimes County, and was not in Montgomery at the time the levy was made ; that all of R. B. Martin's property, known to respondent, had been sold or was then under execution, which afterwards sold for about one hundred and forty dollars ; that respondent does not know nor does he believe, that said plaintiff had any other property in the County of Montgomery, and that he made the levy in order to save the sureties on Martin's writ of error bond, to wit : J. H. Mitchell and J. M. Lewis, from paying said execution ; and that said plaintiff did not point out or offer to point out any other property of an inferior character, in the place of that levied on.

The case was determined by the Court, on the pleadings and exhibits, and the injunction dissolved, and judgment rendered against Kendrick and his sureties in the injunction bond, for the amount due on the execution.

The exhibits were copy of the entry of original judgment against Martin and Kendrick ; mandate of the Supreme Court, containing a copy of the judgment of affirmance ; copy of the execution sought to be enjoined, with the levy thereon ; and the assignment from Nichols to Rice.

*Bradbury* and *Davis*, for plaintiff in error. I. Kendrick was not a party to the suit, resulting in the judgment, on which the execution issued. He could not then be bound by it, nor his property to satisfy it. (9 Tex. R. 353 ; 11 N. H. R. 131 ; 3 Cond. R. 312 ; 9 How. R. 350.)

II. The property levied on was improved and cultivated land ; it was levied on, by the Sheriff, without notice to Kendrick, or giving him the privilege of designating what property he would prefer to have sold ; the property was pointed out for levy, by the attorney of Rice and Nichols ; and the defendants had at, and before levy, &c., in Montgomery County, subject to that execution, more than amply sufficient to pay the same, of personal property, uncultivated lands and slaves, and these facts were all well known at that time, to the Sheriff, to said Rice and Nichols, and their attorney. (Hart. Dig. Art. 1327 ; 6 Tex. R. 137 ; 13 Id. 431.)

III. Kendrick sought only to prevent the sale of the particular land levied on, under the execution, or, at least, until all the property of an inferior degree, of himself and co-defendants, in Montgomery County, should be exhausted. His object was not to enjoin the collection of the judgment, except from himself, and this only, so far as to protect, as guaranteed by law, certain privileged property, though under the facts, he might have asked more. It could only be regarded as a special injunction, not contemplated by Art. 1603 of Hart. Dig. ; and it is submitted, that it was manifestly error, to render judgment against the plaintiff, Kendrick, and his securities, for the amount due on the execution. (12 Tex. R. 202.) He and they could have been liable only for the costs, and any damage sustained by Rice and Nichols, by reason of the wrongful suing out the injunction.

*A. Hemphill*, for defendant in error, referred to an Act of the State of Texas, passed by the fourth Legtslature, December 24, 1851, page 19 ; Smith v. Power, 2 Tex. R. 57 ; Lively v. Bristow, 12 Id. 60 ; Hart. Dig. Art. 1602 ; Carlin v. Hudson, 12 Tex. R. 202 ; Cook v. De la Garza, 13 Id. 431.

WHEELER, J. The grounds on which the injunction was sought are :

1st. The supposed illegality of the execution, in that it included the plaintiff in error with the defendants in the judgment of affirmance.

2nd. The supposed illegality of the levy, in that it was made upon improved land of the plaintiff in error, when the other defendants had property, which was first liable, and should have been first taken in execution ; and in that the property was pointed out by the attorney of the defendants in error, without notice to the plaintiff, and without giving him an opportunity to point out property.

In support of the first ground, we are referred to our Opinion, in the case of Turner v. Smith, (9 Tex. R. 626.) But it is to be observed, that, in that case, the defendants in the original judgment, not included in the execution then before the Court, having died, the question was, whether they were properly omitted in issuing execution? It was held that they were : because, execution could not issue against their estates ; their liability could only be enforced in the due course of administration in the Probate Court. Whether, if living, they should have been joined, was not the question then before the Court. It will not be claimed for the plaintiff in error, that his failure to join in prosecuting the former writ of error, had the effect to discharge him from his liability as a principal judgment debtor. The judgment remained in full force as to him. Upon the affirmance of the judgment, the plaintiff was entitled to have execution of it against all the judgment debtors. This could only be either by several executions, one against the plaintiff in error alone, upon the original judgment, and another against his co-defendant and the sureties of the latter in the judgment of affirmance, or by one' joint execution against all : and the most convenient and less expensive course, was to include all in one execution, expressing therein distinctly the several liability of each. (Martin v. Rice et al, *supra*.) But the legal fact, which is material to be here considered, and which is a complete answer to the supposed equi-

ty of this party, is, that he was liable to execution, and it was rightly issued against him upon the original judgment; and he cannot have sustained any injury, or have any equitable ground to claim the interposition of the Court by injunction, because the other defendants were joined in the execution.— That can in no way have operated to his prejudice, and can afford him no ground of complaint.

Nor had he cause of complaint, that the execution may not have sufficiently distinguished his liability from that of the other defendants; since, by reason of the credit allowed, for money paid, as we must suppose, by the other defendants, as he does not profess ever to have paid anything, it was for a less sum than he was legally liable for upon the judgment. He does not claim to have made any payment, nor that the judgment against him is entitled to any credits: and the execution did not authorize or direct more to be collected of him than, from his own statements, he was legally liable to pay. There was, therefore, nothing to authorize an injunction, in the issuing of execution against the plaintiff in error, in the form and manner of its issuance.

The complaint, as respects the levy, is equally without merits. The plaintiff avers that he resides in a different county from that in which the judgment was rendered, and to which the execution issued; and he does not pretend that he had any agent or attorney in the county, authorized to point out property, or that he had any other property in the county, subject to be taken in execution. The officer, in charge of the execution, was not authorized to go out of his county to find property of the defendant, nor was he required to do so to find the defendant, and afford him an opportunity of pointing out property. (Cook v. Garza, 13 Tex. 431.) But the complaint is, that the officer did not proceed first to make the money off the other defendants; who, it is alleged, had personal property, unimproved lands and slaves in the county.— Who of the other defendants is intended, does not appear by the petition; but it does appear by the answer of the officer

Kendrick v. Rice.

which was before the Court, and uncontroverted, when the final judgment was rendered, that it must have been the sureties in the judgment. For the officer states that the other principal defendant in execution, had no property in the county, within his knowledge, whereon to levy; all his property having been previously sold or taken in execution. It is evident from the pleadings and exhibits, on which the case was submitted to the decision of the Court, that the object sought by the injunction, was to compel the sureties of a co-defendant to satisfy a judgment in which the complainant was a principal debtor. And nothing can be clearer upon principle, than that a Court of equity will not aid a party in consummating such a purpose. It will not interfere to prevent the making of the money of the principal in the judgment, whatever property those whose liability is but as sureties may have, or whatever may be their ability to satisfy the judgment. One liable as a principal, cannot ask the aid of the Court to compel the creditor to have recourse upon a surety; whatever may be the right of the creditor, if he sees proper to exercise it. The plaintiff, therefore, had no ground for an injunction on account of the levy upon his improved land; when he has not shown that there was any other property subject to be taken in execution without resorting to those whose liability was that of sureties only. The officer being authorized to make the levy, under the circumstances, it is immaterial whether the property was pointed out by the plaintiff's attorney or not. He might adopt the plaintiffs' designation, or make the levy without it. (Martin v. Rice et al *supra*; Bryan v. Bridge, 6 Tex, 137.)

The present was an injunction to restrain the collection of money : and the judgment was rightly rendered against the principal and sureties in the injunction bond. (Hart. Dig. Art. 1602, 1603.) We are of opinion that there is no error in the judgment and it is affirmed.

Judgment affirmed.