HIRAM A. PITTS, Plaintiff in Error, *v.* WILLIAM H. MAGIE, Defendant in Error.

SAME *v.* JOHN V. LEITER, Defendant in Error.

ERROR TO THE SUPERIOR COURT OF CHICAGO.

When, on the application of a defendant to open a judgment by confession, and permit him to defend, the affidavits show that his defense, if substantiated, would be a good one, and that a question is presented which should be submitted to a jury, the court should set aside the judgment, and permit the defense to be made.

The judgment debtor, under our statute, has the right to turn out real estate, upon an execution against him, before his personal property can be taken.

A sheriff who seizes personal property without giving the debtor an opportunity to turn out real estate, when it is practicable to do so, exceeds his duty, and the court, on proper application, should set such a levy aside.

It is the first duty of an officer having an execution, to apply, if practicable, to the debtor personally, for payment of it, and he is responsible to the party aggrieved for neglect of his duty, whenever special damages result from it.

NOVEMBER 18th, 1859, judgment was entered up by the clerk of the Superior Court, Chicago, *ex parte*, in favor of Leiter, on the following judgment note:

$700.                                    *Chicago, October* 25, 1858.

Eight months after date, for value received, we jointly and severally promise to pay to the order of Cleveland and Russell, the sum of seven hundred dollars, with interest after due at ten per cent. per annum, payble at the office of Greenbaum Brothers, Chicago.                    REUBEN CLEVELAND.
                                         J. K. RUSSELL.
                                         HIRAM A. PITTS.

Also, on the same day, judgment was entered up *ex parte*, by said clerk in favor of Magie, against said Pitts, for $695.47, on a judgment note, of which the following is a copy:

$700.                                    *Chicago, October* 25, 1858.

Nine months after date, for value received, we jointly and severally promise to pay to the order of Cleveland and Russell, the sum of seven hundred dollars, with interest after due at ten per cent. per annum, payable at the office of Greenbaum Brothers, Chicago.                    REUBEN CLEVELAND.
                                         J. K. RUSSELL.
                                         HIRAM A. PITTS.

Nov. 21, 1859, said Pitts moved the said Superior Court to open said judgments as to him, and permit him to plead to and defend against the same, on the ground that said judgments were entered up without his knowledge, by confession under the power of attorney accompanying the same. That the holders thereof had, without the knowledge of said Pitts, extended the time of payment of each for ninety days, each upon the consideration of $49, paid for the extension of each by said Cleveland. That said Pitts was a mere security on said note, which fact, that said Pitts had signed the same as a mere security, was known to said Magie and Leiter, and each of them, and their agent, Greenbaum, when such extension was granted.

In support of which motion, said Pitts, on said last named day, filed his own and Reuben Cleveland's affidavits, which state positively the facts relied on as his defense, and that Greenbaum professed to be and was the agent of Magie and Leiter in giving the extension.

There was an agreement of counsel, that all affidavits filed in support of or in opposition to said motion should be read in both of said cases, and that, as the facts were identical in both cases, but one set of affidavits should be required to be filed, and but one record made, to avoid expense and cumbering the record.

Henry Greenbaum swears, that he sold the notes to Magie and Leiter, and did not communicate to them that Pitts was a security; that Magie and Leiter did not consent to extend the notes only on condition that new notes should be taken.

That the payments made by Cleveland were to be credited simply on notes as part payment.

States that plaintiff in error ratified the extension, and promised to pay the notes after knowledge of the extension.

This last is all denied *in toto* by the subsequent affidavits of Pitts, Cleveland, George and Joseph L. Pitts.

Leiter swears he is a *bona fide* purchaser; that he did not authorize the extension, except by giving of new notes.

Magie swears to substantially the same as Leiter.

The court overruled plaintiff's motion, to which plaintiff excepted, and filed his bill of exceptions in due form, etc.

From which rulings of said court, said plaintiff prayed an appeal, which was refused. Exception taken.

Agreement of counsel in these words:

" It is agreed that the foregoing bill of exceptions shall apply to and be used in, and be determinative of both of said causes, and be copied in and form part of the records of each thereof.

E. H. BRACKETT, *Att'y for Pitts.*

MATHER, TAFT & KING, *Plaintiff's Att'ys."*

Plaintiff in error moves the court to direct its officer, the sheriff of Cook county, to desist from selling the personal property of plaintiff in error, for the reason that said Pitts had real estate situate within said county of Cook, of the value of twenty thousand dollars, over and above all incumbrances thereon.

In support of which motion, said plaintiff in error filed the affidavit of Joseph L. Pitts.

Which affidavit states the fact, that plaintiff in error was possessed of real estate situate on Randolph and Jefferson streets, in Chicago, of the value of twenty thousand dollars, over and above all incumbrances; that plaintiff in error has given no consent that a levy should be made on his personal property; that he is very infirm and feeble, and attends to no business; that affiant is his son, and attends to his business; that plaintiff in error had given no direction respecting turning out property upon which to have the executions levied, except that he had directed affiant to have it levied on his real estate, in case the motions for setting aside the same should be overruled.

That the sheriff has levied upon and is about to sell a large amount of personal property of plaintiffs in error, etc., etc.

Motion overruled, and exceptions taken.

Errors assigned on record:

1. That said Superior Court erred in overruling the motion of said Pitts to set aside said judgment.

2. That said court erred in refusing to allow the said Pitts to come in and defend on the merits thereof.

3. That said court erred in refusing to grant or allow the prayer of said Pitts for an appeal to the Supreme Court.

4. That said court erred in overruling the motion of said Pitts, to direct the sheriff to desist from selling the property of said Pitts, or proceeding on the execution in said cause.

5. That said court erred in refusing to set aside the levy of said sheriff on personal property, or to direct the sheriff first to levy on real estate.

6. That said judgment was given in favor of said defendant when it should, by the law of the land, have been given in favor of said Pitts.

E. H. Brackett, for Plaintiff in Error.

Mather, Taft & King, for Defendant in Error.

Caton, C. J. We think the court should have set aside these judgments, and allowed Pitts to set up the defense pro-

posed in his affidavit.   There is no question that the defense, if established before a jury, would be a good one, and the only question is, whether such a case was presented by the affidavits read on both sides, as should be submitted to the decision of a jury.   The affidavits presented in support of the motions, are positive and unequivocal to the fact of the extension of the time of payment by the agent of the holders of the notes, and without the consent or knowledge of the surety.   The affidavits on the other side, are in some respects contradictory of those, and in others explanatory, but on the whole they leave such an impression on our minds, as to convince us that those questions of fact should be inquired of and determined by a jury, where all the witnesses may be cross-examined.

A remark may not be improper as to the complaint of the levy by the sheriff upon the personal property of the defendant, while he had real estate which it was his duty first to levy upon.   It is the right of the judgment debtor under our statute, to turn out real estate upon an execution against him, before his personal property is taken, and the sheriff who seizes his personal property, without giving him an opportunity to turn out realty when that is practicable, exceeds the line of his duty, and the court will set aside such a levy, upon a proper application made by the debtor, showing that he has real estate subject to the execution.   Such an application should specify the property, give an abstract of the title, and show its value, with the incumbrances upon it, if any.   Upon a proper showing, on such an application, the court would not hesitate to set aside the levy upon the personal property and direct the levy upon the realty, so as to fairly give to the debtor the benefit of the provisions of the statute.   It will sternly rebuke the conduct of the officer who conceals from the debtor, the existence of the execution in his hands, for the purpose of preventing him from turning out real estate till he can seize his personal property. Indeed it is the first duty of an officer having an execution against a party, to apply to him personally for payment, wherever that is practicable, and the officer should be held responsible to the party aggrieved, for a neglect of this duty, wherever special damages result from it.

These judgments are reversed, and the causes remanded.

*Judgments reversed.*