.[No. 2032, October 17, 1917.]

PECOS VALLEY LUMBER CO. v. FREIDENBLOOM

[Rehearing Denied November 12, 1917.]

### SYLLABUS BY THE COURT.

1. A court of record, upon whose judgment execution issues, has full power to set aside an execution sale for fraud, unfairness, irregularity of a prejudicial nature, or whenever justice and fair dealing require it.            P. 388

2. Under the circumstances of this case, the failure of the officer serving the execution to demand payment thereof held not sufficient to justify setting aside the sale.    P. 389

3. The election to claim property free from execution, under section 2327, Code 1915, must be made before the sale. Where that is not done, and it does not appear that the offi-

cer practiced any fraud or unfairness, it is error to set aside
the sale made under execution.                              P. 391

4. Under the facts of this case, the trial court was not
justified in setting aside an execution sale simply because
the property was advertised to be sold subject to stated
liens, it appearing that the amount of several of said liens
had been reduced by installment payments in the interim
between the publication of the notices of sale and the sale
itself.                                                     P. 392

5. Where notices of sale are published in a newspaper
printed in the county wherein the property is situate, section
2195, Code 1915, does not require the posting of notices of
sale in such county.                                        P. 392

6. Price obtained for property sold under execution sale
held not to be adequate.                                    P. 393

Appeal from District Court, Chaves County; Mc-
Clure, Judge.

Action by the Pecos Valley Lumber Company
against George Freidenbloom. Judgment against de-
fendant by default, defendant's motion to set aside a
sale under execution on condition, and plaintiff ap-
peals. Reversed, with directions to dismiss the motion
to set aside the execution sale.

Tomlinson Fort and W. A. Dunn, both of Roswell,
for appellant.

Whether liens existed on property or not there was
no fraud or impropriety in advertising property for
sale subject to them.

Daugherty v. Gangloff, 144 S. W. 434; Cake v. Cake,
26 Atl. 781; Hardwick v. Jones, 65 Mo. 54.

Where the judgment debtor is absent from the jur-
isdiction at the time of the issuance of the execution,

it is not the duty of the officer to hunt him up, nor need he wait for his return, but he may proceed forthwith to execute the writ.

Frink v. Roe, 70 Cal. 296, 11 Pac. 820; People v. Palmer, 46 Ill. 398, 95 Am. Dec. 418; Opothlarholer v. Gardiner, 15 La. 512; Kendrick v. Rice, 16 Tex. 254; Cook v. De la Garza, 13 Tex. 431.

After sale, the appellee could assert no right of exemption to the property levied on; and the fact that he may have had such a right, if asserted before sale, furnishes no reason for setting the sale aside.

See 2327, Code 1915.

J. C. Gilbert of Roswell for appellee.

It is true that inadequacy of price of itself does not always justify the court in setting aside the sale, but where there are other irregularities, the courts act without hesitation in relieving a party from the sale. See the following cases:

Lurton v. Rodgers, 139 Ill. 554, 29 N. E. Rep. 866; Irvin v. Fergueson, 85 Tex. 491, 18 S. W. Rep. 820; Aldrich v. Lewis, 28 Neb. 502, 44 N. W. Rep. 735; Bullen v. Dawson, 139 Ill. 633, 29 N. E. Rep. 1038; Phillips v. Wilson, 164 Pa. St. 350, 30 Atl. Rep. 264; Saxton v. Seberling, 48 Ohio St. 554, 29 N. E. Rep. 179; Garvin v. Hall, 83 Tex. 295, 18 S. W. Rep. 731; Cascaden v. Cascaden, 140 Pa. St. 140, 21 Atl. Rep. 259; Carrittee v. Paplain, 73 Md. 322, 20 Atl. Rep. 1070; Kincaid v. Tutt, 88 Ky. 392, 11 S. W. Rep. 57; Hardware Co. v. Building Co., 132 Mo. 442, 34 S. W. Rep 57; Flint v. Phillips, 20 Ore. 340, 25 Pac. Rep. 725; Holdsworth v. Shannon, 113 Mo. 508, 21 S. W. Rep. 85; Lehner v. Loomis, 83 Iowa, 416, 49 N. W. Rep. 1018; Hobson v. McCambridge, 130 Ill. 367, 22 N. W. Rep. 823; Means v. Rosevear, 42 Kan. 377, 22 Pacñ Rep. 319; Gunter v. Cobb, 82 Tex. 598, 17 S. W. Rep. 848.

## OPINION OF THE COURT.

HANNA, C. J.—This action was brought in the discourt for Chaves county by the Pecos Valley Lumber Company, the appellant, against George Freidenbloom,

the appellee, to recover a money judgment for goods
sold and delivered. The complaint was filed on April
15, 1915. No answer or pleading having been filed
within the time required by law, a default judgment
was rendered against appellee by the court on December 21, 1915. The judgment was for $70.55, with interest at 6 per cent. from November 15, 1915, until paid.
Thereafter, execution was issued and delivered to the
sheriff, who levied on certain barber supplies, fixtures,
etc., belonging to the appellee. A sale thereunder was
had, the appellant purchasing said goods. On the day
the sale was made to appellant, the latter sold and
transferred the said property to J. A. Fountaine. On
July 29, 1916, the appellee filed in said cause a motion
to set aside the sale made under the execution. The
motion alleged that the judgment was not secured for
labor done or necessaries furnished; that prior to the
issuance of the said execution the parties hereto agreed
that appellee should pay $7.50 monthly on said indebtedness owing to appellant, but that contrary to that
agreement appellant caused the said judgment to be
entered herein; that execution was issued on April 8,
1916, but that no demand was made by the sheriff upon
the appellee for the payment of said judgment prior
to the levy thereunder; that said property was sold at
said sale on June 22, 1916, without notice to appellee;
that the sheriff's return of the execution fails to show
that six notices or handbills were posted in the precinct wherein the property was sold; that the property levied upon was exempt from execution, but appellee was given no opportunity to exercise his right
of exemption in this behalf; that the property levied
upon, severed from the building wherein it was located, was not worth more than $500, over and above
certain indebtedness chargeable against it; that the
property levied upon, considered in connection with
the business in which the same was used, was of the
value of approximately $1,800; that the advertisement
of sale of said property was defective, in that said
property was advertised for sale subject to the following liens: First National Bank of Roswell, $77.97,

Joyce-Pruitt Company, $237.40, and Roswell Hardware Company, $147.96; that the appellant thereby undertook "to place a lien against the goods and chattels of the defendant without authority of law," said claims not having been reduced to judgment, agreements having been made between appellee and two of said creditors with reference to the payment of two of said claims; that the return of the sheriff shows that the property was not sold subject to said liens; that the sale price of said property, viz., $99.20 was inequitable, unfair, and unjust to the rights of appellee; and that appellee had no notice that his property would be sold until long after the sale had taken place. Issue was joined on all the material facts alleged in the motion, and, after trial to the court without a jury, judgment was rendered on said motion to the general effect that said sale would be set aside upon the condition that the appellee, within a stated time pay to the appellant the sum of $99.22; otherwise the motion would be denied. The said sum was paid by appellee, and from the action of the court the appellant has appealed.

The trial court did not set aside the judgment rendered by it in favor of appellant, its action being directed to the sale only; hence we regard as immaterial all questions concerning the right of the appellant to a judgment, notwithstanding an agreement that the cause should be dismissed might have been made by the parties prior to the rendition of the judgment. Whether the action of the trial court was correct or not, therefore, depends upon the pleading and proof of the defective or irregular proceedings taken in pursuance of the execution of the judgment.

Eliminating superfluous matter contained in the motion to set aside the sale, the attacks upon the sale may be said to consist of the following: (1) That the sheriff made no demand for the payment of the judgment, prior to the levy of the execution; (2) that the sheriff's return fails to show that the notices of sale were properly made; (3) that the sale was made without notice to appellee; (4) the levy and sale were made upon property exempt by law from levy and

sale; (5) that notice of sale was irregular in subject-
ing the property to liens, and the sale irregular in not
selling subject to the liens as advertised; and (6) that
the price paid at the sale was grossly inadequate.

[**1**] The grounds upon which an execution sale
may be set aside are not specified by statute, nor is
any provision contained in the statute with reference
to the right of the court to set aside such a sale. How-
ever, it is recognized by all courts that in order to
prevent abuses of their process they may set aside a
sale made thereunder for fraud, unfairness, or irregu-
larities of a prejudicial nature. 10 R. C. L. Executions,
§ 10; 17 Cyc. 1272; 2 Freeman on Executions, §§ 305,
308. In Voorhis v. Terhune, 50 N. J. Law, 147, 157, 13
Atl. 391, 392 (7 Am. St. Rep. 781, 782), a case picked
by us at random, it is said:

"It is true, generally, that in sales under execution the du-
ties of the officer executing the writ are directed by statute,
and title passes to a purchaser without further confirmation
by the court out of which the process issued, but it may be
asserted that according to the prevalent practice of the courts
in the American states the negative power of setting aside
such sales for cause is claimed and exercised.

"In Rorer on Judicial Sales, as the result of a quite full
examination of the cases, the rule is stated to be that the
court upon whose judgment execution issues has full power
to set aside an execution sale whenever the ends of justice
and fair dealing require it. * * * The following language
of the court, in McLean County Bank v. Flagg, 31 Ill. 290,
is noted as a correct statement of the general rule: 'The
power over its own process is possessed by all courts. Such
power is a species of equitable jurisdiction that is inherent in
courts of law as well as courts of equty. This court has re-
peatedly held, as between a purchaser and the original part-
ies to the suit, that a court of law will not hesitate to exer-
cise the power of setting a sale aside on account of fraud or
irregularity.' Rorer on Judicial Sales § 108, 1081.

"In Herman on Executions the cases are fully collected in
support of the power of the court to set aside sales made on
its own process. The writer says: 'It is the duty of all
courts, when satisfied that sales made under their process
are affected with fraud, irregularity, or error, willful disre-
gard of the statutory regulations by the officer, whereby the
rights of either of the parties interested are seriously affect-
ed, to set aside such sale upon a proper showing to the court
under whose process the sale was made. * * *' Herman
on Executions, p 406, § 349, and cases."

The grounds upon which the appellant attacks

the judgment or order of the trial court are the following: (1) That the price received at the sale for said property was not grossly inadequate; (2) that no demand for payment of the judgment was necessary prior to the levy of the execution, because the appellee was a nonresident of the county wherein the suit was brought and the property sold; (3) the sale was not irregular simply because the property may have been exempt from execution, the appellee not having elected to claim his exemption prior to the sale; and (4) that it was not shown that the rights of appellee were prejudiced on account of the notice of sale to the effect that the sale would be made subject to certain liens.

We have no information as to the ground or grounds upon which the motion to vacate was sustained. We have examined the record with some degree of care and are unable to see any justification for such an order. That the trial court might have conceived that undue advantage was taken of the appellee, in that appellant may have procured a default judgment contrary to its agreement with appellee, may be granted, but that question, as we view the matter, concerns the judgment only, not the question of the abuse of the court's process.

[2] Section 2192, Code 1915, provides that the officer in whose hands an execution is placed for collection shall "call upon the defendant for payment thereof or to show him sufficient goods, chattels, effects and lands, whereof the same may be satisfied." The objection made by appellee in the trial court to the action of the sheriff was that the latter did not demand of him the payment of the judgment. It appears from matters pleaded in the motion and from the evidence in the case that the appellee was a resident of Lincoln county. The appellee testified that he regarded J. A. Fountaine as his agent. Fountaine, it appears, was in charge of the barber shop wherein was located the property upon which the levy was made, but he understood that he no longer represented the appellee, but was working for the First National Bank

of Roswell. Fountaine had notice of the execution, but did not convey the same to appellee. In Pitts v. Magie, 24 Ill. 610, 614, it was held that the officer, when practicable, should apply to the debtor for the payment of the judgment, and that the court should set aside a levy when the same was made without first giving the debtor an opportunity of turning out his real estate before his personal property is taken. References to this question will also be found in Bingham v. Maxcy, 15 Ill. 290; Rock v. Hass, 110 Ill. 528, and Davis v. Chicago Dock Co., 129 Ill. 180, 191, 21 N. E. 830. In Connecticut, in Dutton v. Tracy, 4 Conn. 365, it was held that a statute requiring the sheriff to make a demand for payment of the judgment before the levy of the execution was mandatory, not directory; the object of the statute being to permit the debtor to prevent the incurring of unnecessary costs or exposing property to the sale which would be the least injurious to him. In Vermont, in Collins v. Perkins, 31 Vt. 624, it was held that such a statute was directory only, and that the want of such a demand did not invalidate the sale. In White v. Farley, 81 Ala. 563, 8 South. 215, it was held that failure to give notice or make demand for payment of the debt constituted a mere irregularity which would not vitiate the sale. The holding in Indiana is to the same effect. In Guerin v. Kraner, 97 Ind. 533, 536, a case much like the present one in so far as the questions considered by the court are concerned, it was held that failure to demand payment of the debt did not vitiate the sale. In that case it appeared that the complaint did not allege that complainant was ready to pay the judgment when the levy was made or when the complaint was filed. Nor do such facts appear in the case at bar. In Frink v. Roe, 70 Cal. 296, 11 Pac. 820; Cook v. De La Garza, 13 Tex. 431, 447, and Kendrick v. Rice, 16 Tex. 254, 260, it was held that the sheriff was not obliged to go outside of his jurisdiction to find a defendant and advise him of his right to select certain property upon which the execution levy should be made. In Smith v. Randall, 6 Cal. 47, 65 Am. Dec.

475, 477, it was held that the provisions of the statute
with respect to levy and notice of the sale under exe-
cutions were directory only, the neglect of the officer
to observe the same subjecting him to damages under
a provision of the statute.

If the trial court believed the evidence of the ap-
pellee, to the effect that Fountaine was his agent at
the time of the levy under the execution, it could not
have held that the appellee had no notice of the levy
or excution, for the failure of Fountaine to inform
his principal of the fact would be immaterial to the
sheriff or the appellant. If the court did not believe
that fact, we still fail to see wherein it could have
justified its action in holding the sale invalid upon
this ground, if it did as much. Because it is not shown
that the rights of appellee in the premises were in any
wise prejudiced, the failure to make demand for pay-
ment of the judgmnt prior to the levy did not inval-
idate the sale, nor was it ground to set the same aside.
We are convinced that the statute intends that the
sheriff shall make the demand for payment of the debt
upon the debtor; that his failure so to do may, under
certain circumstances, be sufficient to set aside the
sale; that no demand is necessary where the debtor
lives without the jurisdiction of the sheriff and no
authorized agent of the debtor is known to the sheriff
or can be ascertained by reasonable diligence, and that
so far as setting the sale aside is concerned the facts
must all be considered to determine whether lack of
such demand constitutes fraud, unfairness, or an ir-
regularity prejudicial to the interest of the debtor.

[3] The fact that the appellee claimed the
property was exempt from execution is rendered im-
material in this case, because the plain terms of the
statute (section 2327, Code 1915) required the exemp-
tion to be claimed before the sale. The appellant does
not contend that he made this claim before the sale,
excusing himself on the ground that he had no knowl-
edge of the issuance of the execution. He did, how-
ever, have knowledge of the pendency of the cause
and his liability to respond under the judgment. The

fault was his that the record of the case was not such that it protected him. He might well have caused a dismissal of the cause to be entered, were it true that the appellant agreed to dismiss the cause after the agreement was made to pay the indebtedness in installments and have the case dismissed. The statute is plain that the appellee must have claimed his exemption before the sale took place. Not having done so, we believe the trial court was in error in setting aside the sale on this ground, if it did so. In the light of all the facts we do not regard this ground sufficient to justify the setting aside of the sale.

[4] The proposition advanced in the motion to set aside the sale, to the effect that the property was advertised to be sold subject to certain liens and was not so sold, is too trivial for much consideration. The record dicloses that the property was sold subject to those liens. The purchaser bought subject to all superior liens and rights, and it was not shown that the said advertisement in that form nor the sale in any wise prejudiced the rights of the appellee. Had the notices of sale been so framed for the purpose of preventing competition at the bidding, or for any other purpose detrimental to the interest of the appellee, and had actually accomplished that result, the trial court would have been justified in setting aside the sale. But whatever the intention may have been in making the advertisements in that form, and we have no doubt but that the intention was justifiable, the fact is that the appellee was not prejudiced thereby. The theory of the appellee,, as exhibited by the allegations in the motion, was that the appellant thereby created liens on his property, a proposition which we are unable to comprehend.

[5] Appellee contested the validity of the sale on the ground that no proper notice of sale was given, in that six handbills were not posted as required by law.

Section 2195, Code 1915, provides:

"That no lands, tenements, goods or chattels shall be sold by virtue of any execution * * * unless such sale be at

any public vendue * * * nor unless the time and place of holding such sale and full description of property to be sold shall have previously been published for four weeks preceding said sale in English or Spanish * * * in the county in which said property is situate, or, if there be no newspaper printed in said county, then in the newspaper chosen as the official paper for said county, and also by posting six such notices printed or written * * * in six of the most public places in said county."

The statute, as an examination of it reveals, requires the posting of notices only where the publication is made outside of the county wherein such property is situate, the Legislature recognizing that, where the publication is not made in the county wherein the property is situate, some notice be given to those within the county wherein the publication is not made that a sale will take place. The fact, therefore, if it was a fact, that no notices were posted, becomes immaterial.

[6] The last consideration is whether the trial court was justified in setting aside the sale under execution because of the alleged gross inadequate price received at the sale for the property. The price received at the sale was $99.22. The purchaser, of course, bought subject to paramount liens. The appellee says that the undisputed evidence shows that the property levied upon, taken in conjunction with the business and the lease of the building wherein the business was conducted, was of the reasonable value of $1,800. The sale did not include the business nor the lease. All that the purchaser received was title to the chattels levied upon, subject to prior and superior liens and rights. The fact that the fixtures and chattels levied upon were used in a certain business by the appellant is entirely beside the question. If the logic adopted by appellee were sound, then the sale under execution of a chattel used in the business of manufacturing steel, would be set aside on the ground that while perhaps the amount obtained for the chattel itself was 100 per cent. in excess of the value of the chattel, the value of the entire steel manufacturing plant was far greater than the price received for the chattel. Such logic is without reason.

As we understand the record, at the time the notice of sale was made there were two chattel mortgages outstanding agoinst the property, as well as an attachment lien. The face of the mortgages, as renewed, showed a total amount due of $723.20. The property was under attachment in the hands of the sheriff to secure the payment of $147.96, making a grand total of $871.16. Appellant's attorney attempted to ascertain the exact amount due on these several claims, and therefore the notice of sale recited that the property would be sold subject to liens in the total amount of $463.33. The attorney for appellee, in this court, admits that there was due one creditor of the appellee, at the time the notices of sale were given, the sum of $187, and the conclusion to be reached from the evidence is that the attachment of the Roswell Hardware Company against this property for $147.96 was still in existence and superior to the lien of the levy under the execution. The sale therefore was for better than $400, and no witness fixed the value of this property beyond $500. In fact, the motion alleges that the property was not worth more than that sum. We fail to see how the doctrine that a sale under execution will be set aside where the property is sold for a grossly inadequate sum can apply to the facts of this case. The facts do not warrant the conclusion that fraud was committed in the premises, nor that unfairness existed detrimental to the rights of the appellee. We are satisfied that the trial court must have concluded that advertising the property to be sold subject to liens which did not exist, made it inequitable to permit the sale to stand. It would appear that the difference between the total amount of alleged liens as advertised in the notice, and as the same existed in fact at the time of sale, was due to payments having been made in the interim between the giving of the notices and the time when the sale took place. We could more intelligently treat of this case had the trial court made findings of fact and conclusions of law, or rendered an opinion on the case before it. Our view of the case makes it necessary to reverse the judgment of the trial

court, with directions to dismiss the motion to set aside the execution sale, and it is so ordered.

PARKER and ROBERTS, J. J., concur.