James Thompson and Elmer Miessler, Trading as Thompson and Miessler, Copartners, Appellants, v. M. J. Mahurin, Appellee.

Gen. No. 45,929.

Opinion filed December 8, 1952. Released for publication December 23, 1952.

E. N. WARNER, and EUGENE LIEBERMAN, both of Chicago, for appellants; EUGENE LIEBERMAN, of Chicago, of counsel.

490

Owen & Lundeberg, of Chicago, for appellee; Thurston R. Lundeberg, of Chicago, of counsel.

Mr. Justice Burke delivered the opinion of the court.

James Thompson and Elmer Miessler filed an affidavit in attachment against M. J. Mahurin in the superior court of Cook county in an action sounding in contract. The affidavit stated that defendant was not a resident of this State and that his place of residence was in Florida. The defendant's bank in Chicago was summoned as a garnishee and answered that defendant had an account in an amount sufficient to cover "this judgment." In due time plaintiffs filed a complaint alleging that they were licensed real estate brokers; that on June 2, 1950, they submitted to defendant an offer to purchase realty in Cook county, Illinois, by a telegram sent to him in Florida and reading: "Have offer four thousand cash less five per cent commission and tax proration. We recommend this deal"; that defendant received the offer on June 3, 1950, and telegraphed plaintiffs: "I accept last offer; letter follows"; that at that time plaintiffs had ready, willing and able a buyer who had deposited with them $1,000 earnest money, and who stood ready to pay the balance due upon delivery of a deed and merchantable title; that thereafter defendant authorized plaintiffs to procure the "papers necessary to close the deal"; that "in reliance thereupon plaintiffs procured a preliminary letter" from the Chicago Title & Trust Company in accordance with the practice in Chicago concerning the closing of deals of that type; that plaintiffs paid to the title company the sum of $52; and that thereafter defendant refused to consummate the deal, to pay the $200 earned and to reimburse them for the $52 advanced on his behalf. Plaintiffs asked judgment for $252.

The defendant filed a general appearance and a motion to quash the writ of attachment on the ground that at the time of its issuance he was the owner of record of real estate in Cook county of a value sufficient to satisfy plaintiffs' claim and that the "attachment" of his bank account was contrary to the statute. He also moved to strike the complaint on the ground that the "proposed performance of the contract to sell the real estate" was not in accordance with the terms of the offer and acceptance; that the allegation that defendant authorized plaintiffs to procure the papers necessary to close the deal is a conclusion of the pleader; and that the allegation that defendant is obligated to pay $52 is contrary "to the terms of said offer and acceptance." The court sustained defendant's motion to quash the writ of attachment and to strike the complaint. Plaintiffs elected to stand on their complaint and the court entered judgment in favor of defendant, to reverse which plaintiffs prosecute this appeal.

██ Plaintiffs maintain that the complaint states a cause of action. The offer and acceptance are alleged. The complaint also says that plaintiffs had procured a buyer who was ready, willing and able to buy on the terms stated and who had deposited $1,000 with them as earnest money and who stood ready to pay the balance upon delivery of a deed and a merchantable title; also that pursuant to authority from defendant plaintiffs procured "the papers necessary" to close the deal, whereupon defendant refused to consummate the deal. The papers which would be necessary to close the deal would be governed by the contract and the customary practice for closing deals of the type involved. It would be necessary for the seller to exhibit good title by a merchantable abstract, a letter of opinion from a reputable guaranty title company, or a Torrens certificate. It would also be necessary for the

seller to tender a proper deed. The complaint is not vulnerable to the charge that it states conclusions. In our opinion it states a cause of action. The court erred in striking the complaint.

■ Defendant states that the court properly quashed the garnishment summons because of the provisions of section 11 of chapter 77, Ill. Rev. Stat. 1951 [Jones Ill. Stats. Ann. 107.161], that the person in whose favor execution is issued may elect on what property not exempt from execution he will levy provided personal property shall be last taken. In his motion defendant asked the court to quash the ''writ of attachment'' on the ground that at the time of its issuance he ''was the owner of record of real estate in Cook County, Illinois, of a value sufficient to satisfy the plaintiffs' claim'' and that ''the attachment'' of his bank account ''by way of garnishment proceedings'' was contrary to the provisions of the statute. In *Pitts v. Magie,* 24 Ill. 610, the court said (613):

''A remark may not be improper as to the complaint of the levy by the sheriff upon the personal property of the defendant, while he had real estate which it was his duty first to levy upon. It is the right of the judgment debtor under our statute to turn out real estate upon an execution against him, before his personal property is taken, and the sheriff who seizes his personal property, without giving him an opportunity to turn out realty when that is practicable, exceeds the line of his duty, and the court will set aside such a levy, upon a proper application made by the debtor, showing that he has real estate subject to the execution. Such an application should specify the property, give an abstract of the title, and show its value, with the incumbrances upon it, if any. Upon a proper showing, on such an application, the court would not hesitate to set aside the levy upon the personal property and direct the levy upon the realty, so as to fairly

give to the debtor the benefit of the provisions of the statute."

In *Kelly v. Marks,* 264 Ill. App. 402, cited by defendant, the judgment debtor filed a verified petition stating, *inter alia,* that a levy could be made on certain described real estate in Chicago owned by defendants. The court said (404):

"Upon hearing the court evidently was of the opinion that the petition was vague and uncertain in its allegations as to whether the defendants owned the property on the day the execution was issued, and also in its allegations as to the value of the real property, or whether there were any incumbrances."

Defendants therein, apparently recognizing the defect in their petition, asked that the case be continued until the following day to present an amended petition setting forth the matters not included in the criticized petition. Because of the denial of this request the judgment was reversed. In the *Kelly* case the court said that the execution debtor has the right to have the real estate first taken before his personal property is subjected to levy and that to avail himself of such right he may, upon a proper showing, have the judgment in the garnishment proceeding vacated. It will be observed that the "proper showing" must be made by the debtor. This is in accordance with the rule laid down in *Pitts v. Magie, supra.* The case of *Rowoldt v. Farmers Mutual Insurance Co.,* 305 Ill. App. 93, also cited by defendant, is not applicable to the factual situation before us.

▮▮▮▮ The transaction on which plaintiffs rely occurred on June 3, 1950. The instant suit was commenced on May 10, 1951. The answer of the garnishee was filed on May 29, 1951. The motion of defendant was filed on July 2, 1951. It does not follow that because plaintiffs on June 3, 1950, knew that defendant

494

owned real estate in Cook county that they knew at the time of the service of the garnishment summons that defendant owned real estate, that he had a good title thereto, its value and whether it was incumbered. The burden was on defendant to make a proper application to the court showing that he had real estate which could be sold under execution. As stated in the *Pitts v. Magie* case, the application "should specify the property, give an abstract of the title and show its value, with the incumbrances upon it, if any." We are of the opinion that defendant did not make the showing required by the law and that it was error to quash the writ of attachment and the garnishment summons.

For the reasons stated the judgment of the superior court of Cook county is reversed and the cause is remanded for further proceedings. consistent with the views expressed.

*Judgment reversed and cause remanded with directions.*

FRIEND, P. J. and NIEMEYER, J., concur.