[Civ. No. 43139. Second Dist., Div. One. Aug. 30, 1974.]

In re the Marriage of MARTA ANNA and
REX JOHN CROOKSHANKS.
MARTA ANNA CROOKSHANKS, Respondent, v.
REX JOHN CROOKSHANKS, Appellant.

476

**COUNSEL**

E. Michael Kruse for Appellant.

Downing & Martin and Charles Downing for Respondent.

**OPINION**

**THOMPSON, J.**—In this appeal attacking a writ of execution for unpaid child support and attorney's fees, appellant contends that: (1) the interlocutory judgment of dissolution of marriage upon which the writ is based is invalid; (2) the failure of the court to provide appellant the opportunity for a hearing prior to the issuance of the writ constitutes a deprivation of property without due process of law as delineated in *Sniadach* v. *Family Finance Corp.*, 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820], and *Randone* v. *Appellate Department*, 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13]; and (3) the writ incorrectly calculates the amount due under the judgment. Finding no merit in appellant's various contentions, we affirm the judgment (order) of the court.

On June 12, 1969, respondent (Wife) filed an order to show cause regarding custody, child support, and attorney's fees in the Los Angeles Superior Court. Dissolution proceedings were apparently then pending between respondent and appellant (Husband). On December 8, 1969, the court, pursuant to the parties' stipulation, awarded temporary custody of the oldest child to Husband and temporary custody of the three younger children to Wife, reserving to both parties reasonable visitation rights. The court further ordered Husband to pay child support of $80 per month per child during the pendency of the action. On January 21, 1970, Husband filed an order to show cause why Wife should not be held in contempt for refusing to allow Husband to exercise his visitation rights. A hearing was conducted and Wife was found not guilty of contempt. On September 3, 1970, Husband filed a second order to show cause re contempt, also dealing with visitation rights. Wife again was found not guilty of contempt. Following a hearing on December 8, 1970, an interlocutory decree of dissolution was entered pursuant to stipulation on January 19, 1971. The interlocutory decree continued the custody and child support provisions previously ordered. On January 8, 1973, Wife filed an application for issuance of a writ of execution and order for unpaid child support between January 15, 1971, and November 1, 1972, and for unpaid attorney's fees. The court ordered issuance of the writ of execution in the sum of $4,660,

representing unpaid child support, and $750 for unpaid attorney's fees. This appeal followed.

## The Judgment

■    Appellant's contention, that the writ of execution should not have been issued because it was an attempt to enforce a constitutionally invalid judgment, is frivolous. Appellant does not attack the order for pretrial support and attorney's fees or the judgment on its merits. He does not question the court's jurisdiction in the matter. The thrust of appellant's contention is that the court, having refused to enforce his visitation rights under the interlocutory decree, could not, without depriving him of due process, enforce appellant's support obligations under that decree. The attack fails, first, because its factual predicate lacks support in the record and, second, because it is not available on collateral attack initiated in this court.

## Notice

■    Relying upon *Sniadach* v. *Family Finance Corp., supra,* 395 U.S. 337, and *Randone* v. *Appellate Department, supra,* 5 Cal.3d 536, appellant contends that the issuance of the writ of execution without a prior hearing or notice to him denied appellant procedural due process of law. The *Sniadach-Randone* rationale is inapplicable to a California writ of execution.

*Sniadach* and *Randone,* relying upon the proposition that no person may be deprived of a substantial property right, including the right of immediate possession, without due process of law, require notice to the debtor and a hearing as a prerequisite to the issuance of a writ of attachment or garnishment except in special circumstances. The hearing must prima facie establish an obligation and its nonpayment. In the situation of a writ of execution, the judgment upon which it is issued establishes the obligation of the debtor. The judgment itself was rendered in a proceeding in which the debtor had an opportunity to be heard. In the situation of a writ of execution, the debtor is afforded ample legal protection on the issue of payment since Code of Civil Procedure section 675 gives him the right to insist upon a satisfaction of judgment being filed and recorded on the register of actions as he makes payment. (5 Witkin, Cal. Procedure (2d ed.) Enforcement of Judgment, §§ 225, 226.) No writ of execution can issue on a satisfied judgment.

Appellant seeks to avoid the inevitable consequences of the California statutory scheme by arguing that in some circumstances equitable considerations may prevent the enforcement of a valid unpaid judgment. The

argument fails since the *Sniadach-Randone* rule requires only a prima facie and not conclusive showing as a prerequisite to the issuance of a writ. While equitable considerations may be pertinent in a motion to quash a writ of execution, the possibility that they may exist does not detract from the requisite prima facie case.

### Calculation of Support

■ Appellant contends that the application for writ of execution and order improperly calculated the amount of support payments owed by him. His contention is premised upon the fact that the interlocutory judgment provides that child support payments shall continue "until modified by the Court or terminated by operation of law." Thus he argues that Civil Code section 25, defining minors as persons under 18 years of age, constitutes a modification by operation of law terminating his obligation to support his children as each reaches age 18. Appellant's contention is refuted by Civil Code section 25.1, which states that "The Legislature intends that any use of or reference to the words 'age of majority,' 'age of minority,' 'adult,' 'minor,' or words of similar intent in any instrument . . . made in this state: (a) Before March 4, 1972, shall make reference to persons 21 years of age and older, or younger than 21 years of age . . . ." The interlocutory judgment which forms the basis for the present writ of execution was issued on January 19, 1971. It consequently requires support for each child until the child reaches 21 years of age or until modified. (See *Atwell* v. *Atwell,* 39 Cal.App.3d 383 [114 Cal.Rptr. 324].)

### Disposition

The judgment (order) is affirmed. Respondent to recover costs. The matter is remanded to the trial court for the award to respondent of reasonable attorney's fees and expenses incident to this proceeding.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 30, 1974.