644 P.2d 525

**Jane F. LOVATO, Petitioner-Appellee,**

v.

**Baltazar LOVATO,
Respondent-Appellant.**

**No. 13712.**

Supreme Court of New Mexico.

April 15, 1982.

Pickard & Singleton, Lynn Pickard, Santa Fe, for respondent-appellant.

Koch & Jones, Ron Koch, Albuquerque, for petitioner-appellee.

## OPINION

PAYNE, Justice.

Baltazar Lovato appeals from a trial court decision refusing to grant him relief from the provisions of a child support and alimony award in his divorce from Jane Lovato. The Lovatos were divorced in 1977. Jane was awarded custody of their seven minor children and possession of the family home outside Moriarty. At the time of the divorce Baltazar took home $1,000 a month and had additional income of $2,000 a year. Jane had a tenth-grade education, had never held a job and had no vocational training. Jane had requested alimony because she intended to be a full-time homemaker and mother. The court ordered Baltazar to pay $75 per month per child in support and $75 per month in alimony. The court further ordered that the alimony payment increase by $75 as each child became emancipated, so that he would continue to pay $600 per month to Jane.

In 1980, Baltazar moved for reduction and amendment of the alimony and child support provisions of the final decree of divorce. At that time only three children, aged 10, 13 and 14, remained at home. Jane received $600 a month, representing $225 in child support and $375 in alimony. Her monthly expenses amounted to $560 excluding clothing costs and her church tithe. Jane had sought no employment or job training since the divorce. Although Baltazar's income had increased by $200 per month, in 1980 he remarried and began supporting three more children. The trial court denied Baltazar's motion, except to order that the alimony be reduced to $500 per month at the time of the youngest child's emancipation.

Baltazar argues that the trial judge abused his discretion in failing to modify the alimony award and asserts that the court misapplied the law in making its ruling. He asserts that in New Mexico both parents have an equal obligation to exhaust all reasonable resources to support their children. He argues that the national trend is to treat alimony as a method of rehabilitating the party disadvantaged by the marriage and divorce rather than as an incentive for the party's avoiding the self-support of which he or she is capable.

Jane counters that the judge properly exercised his discretion in considering her status as homemaker and mother. She argues that Baltazar failed to show sufficient changed circumstances to warrant modification of the order and failed to show that she has become able to support herself. Jane acknowledges that both parents have equal responsibility for child support, but asserts that public policy does not require a woman who has no job experience or job skills to leave her children and a village where employment opportunities are scarce in order to seek employment.

Both the amount of alimony and the amount of child support awarded are discretionary with the trial court. *Hurley v. Hurley*, 94 N.M. 641, 615 P.2d 256 (1980); *Spingola v. Spingola*, 91 N.M. 737, 580 P.2d 958 (1978). The decision of a trial court will be upheld unless there has been an abuse of discretion. *Spingola, supra.* We have previously held that in determining alimony the trial court may consider such factors as the needs of the wife, her age, her health and the means to support herself, the earning capacity and future earnings of the husband, the duration of the marriage and the amount of the property owned by the parties. *Michelson v. Michelson*, 86 N.M. 107, 520 P.2d 263 (1974). Alimony is not intended as a penalty against a husband but is a personal right intended for the purpose of one spouse's supporting another. *Brister v. Brister*, 92 N.M. 711, 594 P.2d 1167 (1979).

Wide discretion has been given to the courts in determining alimony in order to avoid hardship on the part of one spouse and in order to insure that a spouse may have the support needed after losing the sustenance and support of coverture. *See Brister, supra.* However, a trial court must not allow a spouse to abdicate the responsibility for his or her own support and maintenance and place that upon the other. *See Doyle v. Doyle*, 5 Misc.2d 4, 158 N.Y.S.2d 909 (Sup.Ct.1957). Several states have adopted policies which require a divorced spouse to seek employment if possible to avoid inflicting upon the former spouse a perpetual lien on future earnings. *See, e.g., Beard v. Beard*, 262 So.2d 269 (Fla.Dist.Ct. App.1972); *Saviers v. Saviers*, 92 Idaho 117, 438 P.2d 268 (1968); *Dakin v. Dakin*, 62 Wash.2d 687, 384 P.2d 639 (1963). It is preferable to use alimony as a method of allowing a divorced spouse to gain personal independence by helping the person disadvantaged by the marriage and the divorce to extricate himself or herself from such a position. *See Bingert v. Bingert*, 247 N.W.2d 464 (N.D.1976) (noting national trend). This must be done, however, consistent with the responsibilities of both divorced spouses for the support of minor children, *see Barela v. Barela*, 91 N.M. 686,

579 P.2d 1253 (1978); *Petition of Quintana*, 83 N.M. 772, 497 P.2d 1404 (1972), and with due consideration for other factors such as age, health, opportunities for employment, etc.

In the present case the record reflects that only three of the seven children originally left in the custody of Jane are currently in her care. The ages of these children are such that Jane has at least some opportunity for self-support. Evidence introduced in this case shows that she has used the child support and alimony payments for uses other than basic support. There is evidence to indicate that Jane has made no attempt to alleviate this situation and will not be encouraged to help herself under the current level of spousal and child support payments.

It is the duty of the trial court to make a decision based upon all the facts and upon all the considerations that will result in fairness to both parties involved in an alimony and support situation. After examining the record before us, we find that the trial court abused its discretion. Baltazar demonstrated a sufficient change in the circumstances of both parties to justify a modification of alimony. The trial court instead accepted without question Jane's desire to avoid even attempting to train for or find employment.

We therefore reverse this case and remand it to the trial court with instructions to modify the alimony obligations to the extent necessary to encourage Jane to assume the responsibility for her own care and support.

IT IS SO ORDERED.

FEDERICI and RIORDAN, JJ., concur.