696 P.2d 494

**Millicent Kile BILBAO, Petitioner-Appellee,**

v.

**Juan Antonio BILBAO, Respondent-Appellant.**

No. 7728.

Court of Appeals of New Mexico.

Feb. 12, 1985.

David E. Martin, Martin & Hilton, P.A., Albuquerque, for respondent-appellant.

Charles R. Finley, Warner & Finley, Albuquerque, for petitioner-appellee.

**OPINION**

HENDLEY, Judge.

Husband appeals from a divorce decree awarding alimony and attorney fees to wife, contending the trial court abused its discretion in its award. He also claims a denial of due process, in that the trial court rendered a letter decision before receiving the briefs of counsel.

We affirm.

**The Letter Decision**

At the close of the evidence, the trial court stated it would give each side seven days to present a letter brief. The trial court also stated it would be working on the matter in the meantime. Before the briefs were filed, the trial court sent out a letter decision. Husband moved for a mistrial on the grounds the trial court deprived

him of his right to argue the case. In denying the motion, the trial court stated: "Although the court probably was premature in its decision, the court went back and read all of your briefs and both sides of your closing arguments and was not convinced I oughta change my mind."

■ Husband's argument is based on due process concepts. New Mexico holdings do not support this argument. *United Nuclear Corp. v. General Atomic Co.,* 93 N.M. 105, 597 P.2d 290 (1979), dealt with the issue of whether denial of oral argument on a motion was a denial of due process. The supreme court stated: "The requirements of due process are not technical, and no particular form of procedure is necessary for protecting substantial rights. * * * The circumstances of the case dictate the requirements * * *. The integrity of the fact-finding process and the basic fairness of the decision are the principal considerations." (Citations omitted.) Because both sides, in this very lengthy and complicated case, had filed extensive briefs on the motion, the court held there was no due process violation in denying oral argument. *See also Genuine Parts Co. v. Garcia,* 92 N.M. 57, 582 P.2d 1270 (1978), regarding appellate oral argument.

Here, the trial lasted approximately one-half day. There were four witnesses. The issues were neither new nor complex. The parties had stipulated to most of the issues and had filed a stipulation which the trial court had approved. The facts concerning alimony and attorney fees were not complicated. Further, the trial court read the briefs and was not convinced to change its position. This alone dispels any sense of unfairness. Husband has not made a showing that the trial court did not consider his arguments and authorities.

We have considered husband's other arguments on this issue and find them to be without merit.

### Alimony

*Michelson v. Michelson,* 86 N.M. 107, 520 P.2d 263 (1974), sets forth guidelines for awarding alimony. It states:

Some of the important factors to be considered in a determination of the amount of alimony to be awarded are the needs of the wife, her age, health and the means to support herself, the earning capacity and the future earnings of the husband, the duration of the marriage, and the amount of property owned by the parties.

■ The amount of an alimony award rests within the trial court's discretion and the trial court will be reversed only if its award is contrary to all reason. *Russell v. Russell,* 101 N.M. 648, 687 P.2d 83 (1984) (citing *Lovato v. Lovato,* 98 N.M. 11, 644 P.2d 525 (1982); *Chrane v. Chrane,* 98 N.M. 471, 649 P.2d 1384 (1982)); *Seymour v. Seymour,* 89 N.M. 752, 557 P.2d 1101 (1976). What constitutes an abuse of discretion must be determined on a case-by-case basis. *Russell v. Russell.*

■ In *Hertz v. Hertz,* 99 N.M. 320, 657 P.2d 1169 (1983), the supreme court held that an award of alimony was an abuse of discretion where the wife was young, had a master's degree, and was working toward her doctorate. Wife is forty-six years old and has a bachelor's degree. More importantly, she spent most of the marriage raising the parties' child and keeping house while husband advanced his career. She did not obtain her degree until 1977. Wife was economically disadvantaged by the marriage.

Husband contends the award was an abuse of discretion based on the facts found by the trial court. More specifically, husband argues that the trial judge awarded alimony for the purpose of allowing wife to maintain a lifestyle comparable to that enjoyed during marriage, contrary to *Hertz.* As indicated above, we find the facts of this case distinguishable from those reviewed in *Hertz;* the record does not support husband's claim that the trial court erroneously awarded wife alimony.

Although the alimony award may be higher than we would have awarded, we cannot say it was contrary to all reason. The trial court did not abuse its discretion in making the award.

Husband also contends the findings of the trial court are not supported by substantial evidence. We have reviewed the record, and we conclude that there was substantial evidence for the trial court's findings of fact.

■ We note that husband's counsel violated NMSA 1978, Crim., Child.Ct., Dom. Rel. & W/C App.Rule 501(a)(4) (Repl.Pamp. 1983), which requires citation to the parts of the record and transcript relied on. NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.Rule 208 (Repl.Pamp.1983) provides that the tape is the transcript. Husband transcribed the tapes and cited to his transcription. No rule provides for transcribing the tape. Crim., Child.Ct., Dom. Rel. & W/C App.Rule 501(a)(3) sets forth what to do when the transcript is an audio recording. *State v. Sierra*, 90 N.M. 680, 568 P.2d 206 (Ct.App.1977), is authority for disregarding the contentions made in this appeal because of procedural violations. Counsel is warned to read and follow the rules so there will not be future violations.

### Attorney Fees

Husband contends a $3,500 award of attorney fees was an abuse of discretion. NMSA 1978, Section 40–4–7(A) (Repl.Pamp. 1983) states that an award of attorney fees is for "an efficient preparation and presentation of his case."

*Bustos v. Bustos*, 100 N.M. 556, 673 P.2d 1289 (1983) (quoting from *Allen v. Allen,* 98 N.M. 652, 651 P.2d 1296 (1982)), states:

"If there is economic disparity between two adverse parties in a domestic relations case, such that one party may be inhibited from preparing or presenting a claim, then the trial and appellate courts should be liberal in exercising their discretion to award attorney's fees to discourage any potential judicial oppression."

■ There is no need for an actual finding of economic disparity, only that it is apparent from the findings that one exists. *Bustos.* The other findings support a conclusion that there was an actual economic disparity between husband and wife. The trial court did not abuse its discretion in the $3,500 award of attorney fees.

Wife is awarded $1,000 as attorney fees on appeal. The costs of the appeal are to be equally divided. *Hurley v. Hurley,* 94 N.M. 641, 615 P.2d 256 (1980).

Affirmed.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.