**Walter C. EWERS, Plaintiff–Appellee, Cross–Appellant,**

**Jack Jeter, Plaintiff,**

v.

**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF CURRY and Anita C. Merrill and Michael C. Gattis, Individually and in their capacities as members of the Board of Curry County Commissioners, Defendants–Appellants, Cross–Appellees.**

No. 84–2477.

United States Court of Appeals, Tenth Circuit.

May 10, 1989.

Philip B. Davis, Legal Director, and Jeffrey J. Dempsey, Cooperating Atty., American Civ. Liberties Union of N.M., Albuquerque, N.M., for plaintiff-appellee, cross-appellant.

Steven L. Bell and Arthur P. Brock of Atwood, Malone, Mann & Turner, P.A., Roswell, N.M., for defendant-appellant, cross-appellee Bd. of Com'rs for the County of Curry.

George Cherpelis and Laurie A. Vogel, Albuquerque, N.M., for defendants-cross appellees Merrill and Gattis.

Before HOLLOWAY, Chief Judge, BARRETT, Circuit Judge, and SAM,* District Judge.

## OPINION ON REHEARING

PER CURIAM:

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this rehearing. *See* Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. This matter is therefore ordered submitted without oral argument.

### I

This matter is before the court pursuant to its order granting a limited rehearing by the panel in No. 84–2477, one judge voting to deny the petition for rehearing.[1] Rehearing was limited to the challenge of cross-appellant Walter C. Ewers to the district court's summary judgment dismissing his claimed property interest. The order directed the parties to address this court's discussion of the property interest claim set forth in our earlier opinion, *Ewers v. Board of County Commissioners of Curry County*, 802 F.2d 1242, 1250 (10th Cir. 1986), and the applicability of *Bailey v. Kirk*, 777 F.2d 567 (10th Cir.1985). Pursuant to that order the parties have submitted briefs on rehearing on this issue and supplemental authorities.

Our focus is thus solely upon the property interest claim of the plaintiff-cross appellant Ewers. That claim was dismissed by a summary judgment ruling of the district court. In our earlier opinion we declined to review the district court's summary judgment dismissing the property interest claim due to the absence of a complete record. 802 F.2d at 1250. A supplemental record has been filed, however, and evidentiary matters discussed below are before us for consideration.

The facts concerning the property interest claim of Ewers are stated in detail in our opinion, 802 F.2d at 1243–45, and need not be restated at length. It will suffice to note that Ewers was hired in August 1977 as the County's first road superintendent. Ewers could only be terminated for good cause or if his job was abolished and he was answerable to the County Commissioners. In November 1980, defendants-cross appellees Gattis and Merrill were elected to the Board. At a January 1981 Board meeting, Ewers was excused from the meeting. Then by a two-to-one vote, with Commissioner Stockton in the minority, the job of road superintendent was abolished effective March 1, 1981, but this was changed to make the termination effective February 28, 1981.

Ewers remained employed as road superintendent for about six weeks. Meetings were held at which criticisms were made and Ewers testified that he felt he had been defamed by the discussion. After the job of road superintendent was abolished the Board created a position of county manager. The manager was assigned tasks by the Board, many of which were the same that Ewers had performed.

Ewers brought the instant suit under 42 U.S.C. § 1983, alleging his position had been abolished as a pretext to terminate him in retaliation for exercise of First Amendment rights; that the Board had deprived him of a liberty interest; and that it had deprived him of a property interest without due process. It is the latter claim alone that concerns us now.

The district court granted summary judgment dismissing Ewers' property interest claim, and certain others. The judge ruled that other claims based on the First Amendment and the liberty interest claim should be tried. A jury verdict for Ewers resulted, and judgment on it was appealed and reversed for reasons explained in our earlier opinion. 802 F.2d at 1245–50.

We turn to the reconsideration of the property interest claim which we had earlier declined to review for lack of an adequate record. The critical record materials

---

* The Honorable David Sam, United States District Judge for the District of Utah, sitting by designation.

1. Judge Barrett voted to deny the petition for rehearing.

are now before us and we consider the merits of the property interest claim.

## II

The district court's summary judgment dismissing the property interest claim was explained in that court's Memorandum Opinion and Order, at 11–13. Noting that whether a property interest in employment exists is determined under state law, *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the district judge said that New Mexico law is settled that in the absence of an employment contract for a definite term, an employee is terminable at will. However, there are exceptions, one being where personnel regulations or policies prescribe termination procedures.

The court noted that Ewers avers that his termination was not in accordance with the procedures; that the personnel policies of the County are allegedly sufficient to create a property interest under the Curry County Personnel Policies. These policies the court cited as Exhibit AF to the defendants Merrill's and Gattis' motion for summary judgment. The court said that no express termination procedures were created, although a grievance procedure was provided and that the grievance procedure states that the decision rendered by the County Commission is final and binding. On these facts the court held the personnel policies were insufficient to create a property interest.

In support of this ruling, the court relied primarily on *DeBono v. Vizas,* 427 F.Supp. 905 (D.Colo.1977), affirmed in No. 77–1299 (10th Cir.1978). The trial judge pointed out that in *DeBono* the Court held that no property interest was created in employment where a state statute provided that officers and employees appointed by a city manager may be removed at anytime for cause, the decision of the city manager in any such case being final. The district judge also cited *Poolaw v. City of Anadarko,* 660 F.2d 459 (10th Cir.1981) (explaining the *DeBono* ruling), and *Bunting v. City of Columbia,* 639 F.2d 1090 (4th Cir.1981).

## III

In light of subsequent constitutional decisions, not available to the district court when its order was entered, we are convinced that the summary judgment must be set aside and the property interest claim remanded for further proceedings.

As noted, the Memorandum Opinion and Order granting the summary judgment before trial relied on cases decided prior to the significant decision in *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Our opinion in *Bailey v. Kirk,* 777 F.2d 567 (10th Cir.1985), followed the *Loudermill* ruling in a § 1983 suit arising from Oklahoma. Although the defendants argue that the Oklahoma law distinguishes the *Bailey* case, that argument misconceives the significance of *Bailey* here. State law does determine the existence of property rights. Nevertheless as the Court stated in *Loudermill:*

> While the legislature may elect not to confer a property interest in [public] employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards.

470 U.S. at 541, 105 S.Ct. at 1493 (quoting *Arnett v. Kennedy,* 416 U.S. 134, 167, 94 S.Ct. 1633, 1650, 40 L.Ed.2d 15 (1974) (Powell, J., concurring in part and concurring in result in part)).

In *Bailey,* we explained that "we must now hold that a public employee, who could not be suspended except for cause, had a property interest in continued employment, even though the city's suspension provisions may not provide for a right of appeal." 777 F.2d at 574. The property right in *Bailey* was grounded on a provision in the personnel policies of the city which provided that an employee could not be suspended without pay, demoted or removed from his position except for good and sufficient cause. 777 F.2d at 569. *Bailey* points out that the property interest does exist, even though the personnel policies provide for no right of appeal. The earlier reasoning that the person relying on a personnel policy with a provision for fi-

nality, or without a review procedure, had to take the bitter with the sweet, was rejected in *Loudermill* emphatically. And that is the case here under the holding of *Loudermill* as a matter of federal constitutional law. This principle applies as a matter of federal law, regardless of whether the case arises in Oklahoma as in *Bailey*, or in New Mexico.

In fact, in the federal district court in New Mexico this principle subsequently has been applied, with reliance being placed upon *Bailey v. Kirk*. In *Llewellyn v. Naranjo*, No. 84–0318, a Memorandum Opinion and Order rendered after *Bailey* was decided held that the plaintiff did have a property interest in employment by the county where a personnel policy provided that no permanent employee shall be discharged without cause. A pretermination right to hearing at a meaningful time and in a meaningful manner was recognized, and the right was held to include notice and an opportunity to rebut the charges, citing *Loudermill*. *Llewellyn* at pages 7–8, 10–11.

State courts in New Mexico have also applied the federal constitutional standard enunciated in *Loudermill*. In an action by a city employee challenging his reassignment, the New Mexico Supreme Court held that the employer's actions and the merit system and personnel rules constituted the independent source of rules or understandings that create a property interest. *Lovato v. City of Albuquerque*, 106 N.M. 287, 742 P.2d 499, 501–502 (1987) (citing *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)). "Property interests are not created by the Constitution; they are protected by the Constitution." *Lovato*, 742 P.2d at 502. Though the personnel rules in *Lovato* specified that reassignments at any time are at the discretion of the employee's superior and are not the subject of a grievance procedure, the New Mexico Supreme Court rejected the argument that this foreclosed the due process issue. *Id.* Relying on *Loudermill*, the court held that Lovato had a constitutionally protected property interest and that the denial of a full hearing on his claims resulted in a deprivation of his right to due process. *Id.* See also *Linney v. County Commissioners of Chaves County*, 106 N.M. 378, 743 P.2d 637, 638–39 (Ct.App.1987) (where county ordinance created a contractual right in employment, under *Loudermill* the failure to provide a pretermination hearing was violation of due process); *Gonzalez v. Gonzalez*, 103 N.M. 157, 703 P.2d 934, 940 (Ct.App.1985) (pursuant to *Loudermill*, the notice and opportunity to be heard must precede a deprivation of property and must be appropriate to the nature of the case).

In the instant case the Curry County Personnel Policies provide in pertinent part:

### TERMINATIONS

*Discharge:* The County reserves the right to discharge employees *for cause,* without notice, for such reasons as misconduct, nonstandard job performance, insubordination or moral improprieties. *Employees can not be discharged without cause,* unless position is abolished.

\* \* \* \* \* \*

### VARIANCES

\* \* \* \* \* \*

It is the policy of this County to provide steady employment *with job security* at a fair living wage comparable to that paid for similar work in the community. (Emphasis added).

By its explicit terms, that an employee cannot be discharged except for cause, the manual has used the language as in *Loudermill* which, without dispute, meant that the discharged employee "possessed property rights in continued employment." *Loudermill*, 470 U.S. at 535, 538–39, 105 S.Ct. at 1489, 1491; *see also Bailey v. Kirk*, 777 F.2d at 574.[2]

---

**2.** We have noted our affirmance of a summary judgment against a property interest claim in *Graham v. City of Oklahoma City*, 859 F.2d 142, 146 (10th Cir.1988). However, we pointed out there that the controlling charter provisions confided power to make removals "solely for the good of the service." We feel this language

The defendants mistakenly rely upon prior New Mexico law which made the existence of a property interest dependent upon the procedural provisions conferred by the public employer. *Francis v. Memorial General Hospital*, 104 N.M. 698, 726 P.2d 852, 854 (1986). The explicit principle in *Loudermill* and the New Mexico courts' incorporation of it in *Lovato, Linney*, and *Gonzalez* dispose of this argument.

The terms of the manual in combination with other evidence before the court preclude a summary judgment on the issue of the property interest. While the defendants argue that Ewers' employment was not terminated, but rather that his job was formally abolished, this does not suffice to meet the summary judgment standard. Instead, the issue of whether abolishment was a pretextual way to terminate Ewers' protected interest in his employment remains disputed through the statements in two depositions. One is from the Chairman of the Board of Commissioners, Stockton. He visited with Ewers after his job was abolished and stated that while Ewers' position was formally abolished, Stockton felt that Ewers had been fired. Stockton Deposition, 24–25. Stockton also felt that the other two commissioners, the defendants, "didn't have any reason to abolish the job." *Id.* at 25. Gilbert A. Gutierrez, the Assistant District Attorney and County Attorney for the Commissioners, stated that his legal advice to the commissioners was that abolishment of Ewer's position required an articulated rational basis or factual support to justify its elimination. Gutierrez Deposition, 9–11. Prior to voting on abolishing the position, the commissioners did not articulate a reason or factual basis. *Id.* at 14–16. They further failed to follow Gutierrez' advice to develop a job description for the county manager prior to hiring someone for the position and never adopted a job description. *Id.* Where such material facts are in dispute a summary judgment is not appropriate. *Zaccardi v. Zale Corporation*, 856 F.2d 1473, 1476–77 (10th Cir.1988); *accord Gonzalez*, 703 P.2d at 940–42.

distinguishable from that in the Curry County

### IV

In sum, without deciding the merits of the property interest claim, in light of the personnel policy before us and the matters in the record as supplemented, we hold that the defendant Board and defendants Merrill and Gattis did not demonstrate that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law, as required by Fed.R. Civ.P. 56(c). They have not shown their entitlement to summary judgment beyond a reasonable doubt, *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 516 F.2d 33, 36 (10th Cir.1975), particularly because of the more recent decisions of the Supreme Court, the New Mexico courts, and our court. Accordingly, the summary judgment dismissing Ewers' property interest claim is reversed and the cause is remanded for further proceedings on that claim.

IT IS SO ORDERED.

personnel manual, quoted above.