This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## N THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38117

**BAYVIEW LOAN SERVICING, LLC,**

Plaintiff-Appellee,

v.

**CINTHIA ANN SMOLEY,**

Defendant-Appellant,

and

**THE ESTATE OF REDA FAY SMOLEY,
Deceased; and UNKNOWN HEIRS,
DEVISEES, and LEGATEES OF REDA
FAY SMOLEY, Deceased,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY
Daniel A. Bryant, District Judge**

Houser LLP
Solomon Scott Krotzer
Albuquerque, NM

for Appellee

Cinthia Ann Smoley
Ruidoso, NM

Pro Se Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals the district court's orders dismissing Defendant's counterclaims, entered March 6, 2018; granting Plaintiff's motion for summary judgment, entering a decree of foreclosure, and ordering a judicial sale, entered November 19, 2018; and granting Plaintiff attorney fees, entered March 1, 2019. In this Court's notice of proposed disposition, we proposed to summarily affirm because, although Defendant referred to several legal doctrines and general principles, she cited "no authority indicating whether or how such principles apply to the issue she raises." [CN 2] Defendant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In Defendant's memorandum in opposition, Defendant does not assert new facts, law, or argument, and has not otherwise persuaded us that our notice of proposed disposition was erroneous. *But see Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, she repeats her contentions from the docketing statements, even attaching these docketing statements to her memorandum in opposition. *But see State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Defendant to our analysis in the calendar notice.

**{3}** We note that Defendant appears to be correct that the notice of the hearing on her counterclaims was not mailed to her correct address, even though the district court knew her correct address. [1 RP 64 (correct address), 182 (envelope returned to sender)] In the context of a notice of a judicial sale of property, we have stated that "[s]ervice of notice by mail can be sufficient" and "a letter may satisfy the requirement[;] . . . a letter sent to the wrong address, however, if the proper address were known or easily ascertainable, would not satisfy due process." *Gonzalez v. Gonzalez*, 1985-NMCA-071, ¶ 28, 103 N.M. 157, 703 P.2d 934. Thus, it appears that the district court may have erred by dismissing Defendant's counterclaims at a hearing at which Defendant was not present.

**{4}** Nonetheless, we may affirm if the district court was right for any reason, so long as it is not unfair to the appellant. *State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828. As we explain, the district court's grant of summary judgment—which we affirm—also resolves the issues raised in Defendant's counterclaims. Defendant's counterclaim is essentially fraud:

> I am counterclaiming against . . . [P]laintiff for fraud and punitive damages to be determined at a later date. I will be submitting a subpoena for all trust agreements, contracts and transfers between all banking parties along with all banking ledgers and monies distributions along with any info on loan origination monies that are alleged and value given.

[1 RP 60-61] Defendant alleged fraud at least twice in response to the allegations of Plaintiff's complaint. [1 RP 60 (answer to complaint) 2 RP 402 (objection to summary judgment)] Thus, in granting summary judgment in favor of Plaintiff—in an order entered after a hearing that Plaintiff attended [2 RP 485]—the district court specifically rejected Plaintiff's fraud argument. [2 RP 488 ¶ D] Because Defendant does not cite authority for or develop an argument that this conclusion should be reversed, we affirm the district court's denial of Defendant's counterclaim based on the district court's order granting Plaintiff summary judgment. *See Gallegos*, 2007-NMSC-007, ¶ 26;n *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. [The a]ppellant must affirmatively demonstrate its assertion of error."); *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be.").

{5}     Accordingly, for the reasons set forth in our notice of proposed disposition and herein, we affirm.

{6}     **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**