754 P.2d 842

**In the Matter of Eloy F. MARTINEZ, an Attorney Admitted to Practice before the Courts of the State of New Mexico.**

No. 17631.

Supreme Court of New Mexico.

May 5, 1988.

Rehearing Denied June 3, 1988.

Virginia L. Ferrara, Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Eloy F. Martinez, Santa Fe, pro se.

Arthur J. Michael, Jr., Santa Fe, for respondent.

## OPINION

PER CURIAM.

This matter is before the Court after disciplinary proceedings conducted pursuant to SCRA 1986, Rules Governing Discipline, wherein attorney Eloy F. Martinez was found to have committed violations of · those rules. Pursuant to SCRA 1986, 17–316(D), we adopt the Disciplinary Board's findings, conclusions, and recommendation with one modification and suspend Martinez from the practice of law for an indefinite period pursuant to SCRA 1986, 17–206(A)(3).

The facts in this case are undisputed. Martinez filed no answer to the charges filed and did not deny the allegations against him. The facts as alleged were deemed admitted pursuant to SCRA 1986, 17–309(C)(2) and 17–310(C).

Martinez employed the services of legal assistant named John Felix, who is not a licensed attorney. Felix maintained his own office separate from the offices of Martinez. In January 1987, Rosalba Ortiz contacted Felix (whom she believed to be a licensed attorney) to assist her with a claim against Allstate Insurance arising out of an accident in which she was involved.

Felix apparently advised Ortiz that he had seven (7) years of experience in the law, worked with Martinez, and would handle her case for a contingency fee of one-

third of any recovery. He did not advise her of his status as a non-lawyer.

At the time of her first meeting with Felix, Ortiz had been offered $800 by Allstate to settle the property damage aspect of her claim. Felix advised her to accept that offer and, acting upon his advice, she did so. Felix then notified Allstate that he was representing Ortiz and that she would accept the $800. Allstate issued a check to "Rosalba Ortiz and John Felix, Her Attorney."

Felix then took the check to Martinez and requested permission to cash it and simply give the money to Ortiz, whom he claimed needed it desperately. Martinez, who realized the check was improperly drawn, allowed Felix to cash it nonetheless. It was not placed in Martinez's trust account nor were any records of disbursement made. Felix pocketed $350 claiming entitlement to a fee (although he had nothing to do with obtaining the offer) and gave the remainder to Ortiz.

Martinez subsequently wrote to Allstate advising that he and Felix represented the Ortiz family and stating that Felix would visit with the claims representative about a settlement for Ortiz. Nowhere in the letter did Martinez state that Felix was not an attorney or that he (Martinez) had never been retained by Ortiz. Several days later, Felix negotiated a settlement of $5500 for Ortiz without her knowledge or approval. The checks were issued to Ortiz and Martinez. Ortiz, never having met or consulted with Martinez, became alarmed and refused to negotiate the checks despite the persistent efforts of Felix to induce her to do so.

█ In that Felix was not privy to these proceedings, we do not decide whether he was engaging in the unauthorized practice of law thus make no finding that Martinez may have assisted in such an endeavor in violation of SCRA 1986, 16–505(B). We do, however, find that Martinez employed Felix as a legal assistant and failed to make reasonable efforts to ensure that the conduct of Felix comported with his own professional obligations. He therefore violated SCRA 1986, 16–503. Furthermore, the actions of Felix in making misrepresentations to Ortiz and to Allstate are imputed to Martinez by SCRA 1986, 16–503(C). Martinez has, therefore, engaged in conduct involving misrepresentation and deceit in violation of SCRA 1986, 16–804(C) not only through his own failure to clarify the status of Felix in his communications with Allstate, but also by virtue of his responsibility for the dishonest conduct of Felix.

█ When an attorney receives money in settlement of a client's claim, that money must be deposited into a trust account and records made of any disbursements, including payments to the attorney for fees claimed by the attorney. This rule is mandatory and is designed to preclude precisely what occurred in this situation: the mishandling of money belonging to a client. To allow one's assistant to simply cash a check made payable to a client with no documentation of the transaction is inexcusable and can lead to the misappropriation of funds. The conduct of Martinez in this instance was violative of SCRA 1986, 16–115. Any violation of this particular rule will generally result in a severe sanction for an attorney even in the absence of other misconduct.

In early February 1987, Martinez accepted a $1000 retainer from Nina Martinez (no relation to him) to obtain for her a divorce and a restraining order against her husband. She told Respondent that the matter was of some urgency. Martinez never filed a divorce petition or sought a restraining order, although his legal assistant Felix represented to Nina Martinez that this had been done. In early April, Nina Martinez became the respondent in a divorce action filed by her husband and was forced to leave the family home with her children. Martinez filed a brief response to the petition on behalf of his client, but took no steps to preserve for her any share of the community assets, which were subsequently disposed of by her husband.

Nina Martinez wrote to Martinez in mid–May discharging him as her attorney and requesting a refund. When Martinez did not respond to her letter, she retained the services of another attorney who also

wrote to Martinez requesting the file, an accounting, and a refund of any unused portion of the fee advanced to him by Nina Martinez. Martinez signed and returned a Substitution of Attorney, but otherwise ignored the attorney's requests.

In this instance, Martinez violated SCRA 1986, 16–103 by his lack of diligence in representing a client. His failure to provide his client with an accounting of her money and an appropriate refund as requested or to produce any records to even indicate the money had been placed in trust and appropriate records maintained violated SCRA 1986, 16–115(A) and (B). A fee of $1000 constitutes a clearly excessive fee under the facts presented and is violative of SCRA 1986, 16–105(A). The failure of Martinez to protect his client's interests upon withdrawal by promptly forwarding the file to her new attorney and refunding any fee that was advanced but not earned, violated SCRA 1986, 16–116(D). As previously noted, the misconduct of a legal assistant is imputed to an attorney under SCRA 1986, 16–503(C). Martinez thus bears responsibility for the misrepresentations of Felix to Nina Martinez about the status of her divorce and has again violated SCRA 1986, 16–804(C). The entire course of conduct by Martinez in this instance was prejudicial to the administration of justice and in contravention of SCRA 1986, 16–804(D).

The hearing committee and disciplinary board also found that Martinez violated SCRA 1986, 16–803(D) and 16–804(D) by failing to cooperate with the disciplinary counsel during the investigation of these complaints or to participate in the proceedings that followed.

The record is void of any suggestion that Martinez was even remotely interested in the pending disciplinary action. While formal charges were personally served upon him, Martinez filed no response and, although notified of a hearing, did not appear. He was sent a copy of the hearing committee's recommendation by certified mail at his address of record. Although a postal receipt indicates that the recommendation was received, Martinez failed to act.

All in all, he has ignored nearly twenty-five (25) communications from disciplinary counsel, the hearing committee, and the disciplinary board during the past year.

■ Martinez now claims that he had no notice of the pending proceedings and has requested this Court to remand the matter to the disciplinary board for additional hearings. He acknowledges service of the charges, but claims to have discarded them unopened in the belief they were related to an action filed against him by his former wife. He denies having seen the hearing committee's recommendation and points out that a person other than himself signed the certified mail receipt. He states that he has frequently moved about during the past months and argues that this should explain and excuse his alleged unawareness of these proceedings.

We find these explanations implausible and, in some instances, inconceivable. That an attorney would destroy without reading *any* legal document served upon him, regardless of the real or imagined nature of the proceedings, would cast grave doubts upon his ability to appreciate his obligations as an attorney to uphold the law and facilitate rather than impede the administration of justice. The fact that he may have had difficulty in receiving mail raises questions about whether his clients, the courts, and opposing counsel have been able to communicate with Martinez. Attorneys are obligated under SCRA 1986, 17–202(A) to provide the clerk of this Court with a current address. Even certified mail sent to his current address of record, however, was ignored.

We do not find cause to remand this case to the disciplinary board and request the attorneys who volunteer their time to these matters to devote more attention to Martinez. To do so under the circumstances in this case would be to encourage any attorney who is unwilling to address the allegations of misconduct to impede the proceedings and delay the imposition of sanctions. While due process does require adequate notice, our rules are clear that personal service and service by mail shall constitute such notice. See SCRA 1986, 17–301(C).

**174**

We cannot find insufficient notice on the basis of an attorney's own failure to open and read what is received by him.

IT IS THEREFORE ORDERED that Eloy F. Martinez be and hereby is suspended indefinitely from the practice of law pursuant to SCRA 1986, 17–206(A)(3) effective May 9, 1988. His reinstatement will not be automatic, but shall occur only after a reinstatement proceeding conducted pursuant to SCRA 1986, 17–214 where Martinez will have the burden of demonstrating by clear and convincing evidence that he has the requisite moral qualifications and is once again fit to resume the practice of law. Any petition for reinstatement must be accompanied by a showing that Martinez has met the following preconditions:

(1) That he has identified and been successfully treated for or has otherwise remedied whatever problem has precluded him from discharging his responsibilities as an attorney;

(2) That he has satisfactorily accounted to Nina Martinez for all funds entrusted to him and has refunded any unearned portion of the fee he was paid;

(3) That he has refunded to Rosalba Ortiz the $350 fee unjustly charged by John Felix for settlement of her claim for damage to her vehicle;

(4) That he has taken and passed the Multistate Professional Responsibility examination; and

(5) That he has reimbursed the disciplinary board its costs in bringing this action.

IT IS FURTHER ORDERED pursuant to SCRA 1986, 17–213(A) that Donald D. Montoya, Esq., be and hereby is designated to inventory all of Martinez's open files and take such action as deemed appropriate to protect the interests of the clients and Martinez. Any reasonable costs incurred by Mr. Montoya or by Martinez's clients as a result of this suspension will also be assessed against Martinez upon an appropriate showing and must be paid prior to any application for reinstatement.

IT IS FURTHER ORDERED that Martinez shall file with this Court on or before May 19, 1988 evidence of his compliance with all of the requirements of SCRA 1986, 17–212 and serve a copy of his affidavit of compliance upon disciplinary counsel.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court strike the name of Eloy F. Martinez from the roll of those persons permitted to practice law in New Mexico and that this Opinion be published in the State Bar of New Mexico *News and Views* and in the *New Mexico Reports.*

Costs of these proceedings in the amount of $189.15 are hereby assessed against Martinez and must be paid to the Disciplinary Board prior to any application for reinstatement.

IT IS SO ORDERED.