813 P.2d 482

**In the Matter of Philip W. STEERE, Esq., An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 19337.**

Supreme Court of New Mexico.

July 9, 1991.

Charles A. Wyman, Deputy Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Robert P. McNeill, Albuquerque, for respondent.

## OPINION

PER CURIAM.

This matter is before the court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 to –316 (Repl.Pamp. 1988 & Cum.Supp.1990), in which attorney Philip W. Steere was found to have committed various violations of the Rules of Professional Conduct, SCRA 1986, 16–101 to –805 (Repl.Pamp.1988 & Cum.Supp.1990). We adopt the Disciplinary Board's findings of fact and conclusions of law. The Board recommended that Steere be disbarred, however, under the circumstances of this matter, we believe that suspension for an indefinite period of time pursuant to Rule 17–206(A)(3) is the most appropriate type of discipline to impose for the protection of the public.

The present disciplinary charges arose out of misconduct that occurred during and after the formal disciplinary hearing on earlier charges. As a result of the formal hearing on the earlier charges, Steere received in August 1990 a public censure by this court for violation of Rules 16–804(D) and (H). The matter was remanded for further disciplinary proceedings in order to afford Steere notice and an opportunity to be heard on new allegations that his testimony at the first hearing was intended to mislead the hearing committee and thus violated Rule 16–804(C). *See In re Steere,* 110 N.M. 405, 796 P.2d 1101 (1990).

Subsequent to the formal hearing in March 1990, the Disciplinary Board received a complaint by Mr. and Mrs. Carmen Sanchez of Tularosa, New Mexico, in which they alleged that Steere had received approximately $1,850.00 from them in connection with his representation of their daughter, who was seeking to recover for personal injuries she received in a motor vehicle accident, but that they had been unable to contact him since April 1990. Disciplinary counsel also had been trying unsuccessfully to contact Steere since the conclusion of the hearing in March.

According to Mr. and Mrs. Sanchez, the money given to Steere was to be used to hire an expert witness who would testify as an accident reconstructionist. Investigation disclosed that Steere indeed had contacted the expert witness whom he had identified to his clients but that he had never paid the witness any fees. Moreover, Steere purportedly had failed to preserve any claim the minor might have had against the town of Tularosa by failing to comply with the notice requirements of New Mexico's Tort Claims Act. The Sanchezes wanted a refund of the money they advanced but had been unable to locate Steere in order to make such a request.

After this court's remand in August 1990 in connection with the original disciplinary proceedings, formal charges were filed against Steere which combined allegations concerning the complaint by the Sanchezes and the matter of whether Steere had made intentional misrepresentations to the original hearing committee.

Steere was duly notified of these charges pursuant to the notice requirements of the applicable procedural rules. It was known, however, that Steere had not maintained an office at his official address that was on record with the court since May 1989. Accordingly, disciplinary counsel attempted to contact Steere through family or friends and made other efforts involving a nationwide trace, to no avail.

A hearing was set on the second set of charges for December 10, 1990. Again, all

reasonable efforts were made to give Steere actual notice of this hearing, and constructive service was effected properly. When Steere failed to appear at the hearing, disciplinary counsel moved pursuant to Rule 17–310(C) to have all charges deemed admitted. This motion was denied as to the allegations that Steere purposely lied to the original hearing committee about a material fact. After receiving evidence in this regard, Steere was found to have committed violations of Rules 16–801(A), and 16–804(C), (D) and (H).

The Rule 17–310(C) motion was granted as to the second count involving Mr. and Mrs. Sanchez. Accordingly, Steere was deemed to have admitted committing violations of Rules 16–101, 16–102(A), 16–103, 16–104(A), 16–105(A), 16–105(C), 16–115(A), 16–115(B), 16–116(D), 16–302, 16–803(D), and 16–804(B), (C), (D) and (H). As to each count, the hearing committee recommended that Steere be disbarred.

In February 1991, the Disciplinary Board offered Steere an additional opportunity to be heard. When he did not request a hearing, the Board adopted the aforementioned conclusions and recommendations with minor modifications.

Finally, in April 1991, Steere notified this court, via an entry of appearance filed on his behalf by Robert P. McNeill, Esq., that his official address of record would be this counsel's business address and that he requested a hearing before the court. The matter was set for hearing on June 26, 1991, and Steere appeared with his counsel at that time.

According to the argument of his counsel, Steere had been "severely traumatized" by the original disciplinary proceedings and, as a result, he stopped practicing law altogether. When Steere spoke to the court, he acknowledged that he had been negligent in his responsibilities to the disciplinary authorities but maintained that he had been "railroaded" by the hearing committee and disciplinary counsel. He asked this court to remand these proceedings once more so that he might present additional evidence on his own behalf.

We decline to prolong these proceedings any further. Steere has received all the procedural due process required by law and, beyond that, as much notice as was possible under the circumstances. All proceedings conducted in this matter have been fundamentally fair. To remand this matter again would only encourage other attorneys to simply abandon their clients and disappear at any critical juncture of a disciplinary proceeding, whenever it appeared imminent that the attorney would receive some type of discipline. *See In re Martinez,* 107 N.M. 171, 754 P.2d 842 (1988) (where record is void of any suggestion that respondent-attorney was even remotely interested in the pending disciplinary action, there is no good cause to grant a later request to remand case to disciplinary board).

Both the hearing committee and the Disciplinary Board recommended that we adopt certain conditions that Steere must meet before he would be permitted to apply for reinstatement. These conditions appear adequate to promote the public's interest in the integrity of the legal profession and in the fair administration of justice. Accordingly, we find that such conditions should be incorporated in our decision as part of the court's orders.

THEREFORE, IT IS ORDERED that Philip W. Steere be suspended from the practice of law for an indefinite period of time pursuant to Rule 17–206(A)(3), effective on the date this opinion is filed.

IT IS FURTHER ORDERED pursuant to Rule 17–214(B)(2) that Steere must show evidence of compliance with each of the following conditions before he shall be permitted to apply for reinstatement:

(1) He shall provide at his own expense sufficient proof of any record of criminal convictions, or lack thereof;

(2) He shall pay to the Disciplinary Board all costs of the proceedings to date;

(3) He shall take and pass the Multistate Professional Responsibility Examination;

(4) He shall undergo a psychiatric evaluation and, if the evaluation demonstrates that professional counseling is warrant-

ed, then he shall undergo such treatment and shall be reinstated only upon a successful re-evaluation. Steere shall waive in writing any therapist-patient privilege of confidentiality that may apply to the evaluation or treatment so that the Disciplinary Board shall have full access to the results of the evaluation and status of the therapy; and

(5) He shall comply fully with all other requirements provided by the Rules Governing Discipline and shall fully cooperate with and assist the disciplinary authorities in responding to any inquiries of him that they may conduct pursuant to their functions and duties and he shall resolve any such inquiries in a satisfactory manner.

IT IS FURTHER ORDERED that within ten days after the effective date of his suspension Steere shall file with the court evidence of his compliance with all the requirements of Rule 17–212 and shall serve a copy of his affidavit of compliance upon disciplinary counsel.

IT IS FURTHER ORDERED pursuant to Rule 17–206(D) that this opinion shall be published in both the *New Mexico Reports* and in the State Bar of New Mexico *Bar Bulletin* and shall be filed in the Supreme Court Clerk's office.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court shall strike the name of Philip W. Steere from the roll of those persons permitted to practice law in New Mexico.

The costs of these proceedings in the amount of $6,690.20 are assessed against Steere and shall be paid to the Disciplinary Board prior to the filing by Steere of any application for reinstatement.

IT IS SO ORDERED.