832 P.2d 402

### In the Matter of Ronald E. DEUTSCH, Esq.

No. 20242.

Supreme Court of New Mexico.

May 28, 1992.

Sally E. Scott, Deputy Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Ronald E. Deutsch, pro se.

## OPINION

### PER CURIAM.

This matter is before the Court following a suspension and a subsequent order to show cause why respondent Ronald E. Deutsch should not be disbarred. *See* Rules Governing Discipline, SCRA 1986, 17–101 to –316 (Repl.Pamp.1991).

In 1991, Deutsch was the subject of a disciplinary proceeding in Texas, where he was licensed to practice law. In that proceeding, Deutsch was charged with misappropriating more than $130,000 in client funds from his trust account. While the Texas disciplinary proceeding was pending, Deutsch moved the Texas Supreme Court to accept his resignation in lieu of discipline. As required by Texas procedure, the State Bar Grievance Committee, before which the disciplinary action pending against Deutsch was initiated, filed a concurring motion with the Texas Supreme Court setting forth findings of fact and conclusions of law concerning the alleged misconduct by Deutsch. *See* Supreme Court of Texas, State Bar Rules, art. X, § 15 (1988).

The Grievance Committee concluded as a matter of law that, in five separate client matters, Deutsch had violated various provisions of the Texas Code of Professional Responsibility, Supreme Court of Texas, State Bar Rules, art. X, § 9 (1988), in force and effect at the time of his conduct: DR 1–102(A)(3) (prohibiting illegal conduct involving moral turpitude); DR 1–102(A)(4) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 9–102(B)(1) (requiring lawyer to promptly notify a client of the lawyer's receipt of client funds, securities, or other properties); and DR 9–102(B)(3) (requiring lawyer to render appropriate accounts to a client concerning funds, securities, or other properties of the client coming into the lawyer's possession). The Grievance Committee further concluded as a matter of law that Deutsch should make restitution totalling more than $136,-000.

In a sixth matter, the Grievance Committee concluded Deutsch had violated the Texas Disciplinary Rules of Professional Conduct, Supreme Court of Texas, State Bar Rules, art. X, § 9 (Texas Disciplinary Rules of Professional Conduct) (1991), in force and effect at the time of his conduct in that matter: Rule 8.04(a)(2) (prohibiting commission of a serious crime or other criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); Rule 8.04(a)(3) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation); Rule 1.14(a) (requiring lawyer to hold funds belonging to a client or third person that are in the lawyer's possession in a separate account designated as a "trust" or "escrow" account); and Rule 1.14(b) (requiring lawyer to notify promptly a client or third person of the lawyer's receipt of funds in which the client or third person has an interest). The

Grievance Committee concluded no restitution was required in the sixth matter. Deutsch apparently had accounted belatedly to the client for the funds in question.

By order dated November 18, 1991, the Texas Supreme Court, in conformity with Texas procedure, stated that it considered the Grievance Committee's findings of fact and conclusions of law conclusively established for all purposes and accepted Deutsch's resignation. The Texas State Bar Rules specifically provide that acceptance by the court of resignation made in the face of a pending disciplinary proceeding "shall be tantamount to disbarment for the purpose of reinstatement." Supreme Court of Texas, State Bar Rules, art. X, § 15 (1988).

On or about December 4, 1991, New Mexico disciplinary counsel, pursuant to the provisions of Rule 17–210, filed a Petition for Reciprocal Discipline in this Court on the basis of the Texas discipline. On December 12, 1991, rather than impose the identical discipline, in this case disbarment, this Court suspended Deutsch pending further proceedings and ordered him to notify his clients of his suspension as required by Rule 17–212.

On December 18, 1991, Deutsch filed a pleading entitled Respondent's Petition for Stay of Suspension and Motion for Modification of Order. This petition was set for hearing before the Court on January 22, 1992. At the time of the hearing, Deutsch attempted to surrender his New Mexico law license. The resignation he tendered, however, did not comply with the provisions of this Court's rule concerning applications to resign during the pendency of disciplinary proceedings. *See* SCRA 1986, 17–209. The Court granted Deutsch two weeks to file the pleadings required to ask this Court to consider granting him permission to resign. Further, it having been brought to the Court's attention that Deutsch had not yet notified his clients of his suspension, he was directed to complete the notice process set forth in Rule 17–212 within the same two-week period.

On February 7, 1992, disciplinary counsel filed a Verified Motion for an Order to Show Cause, alleging that although she had provided Deutsch, at his request, with draft versions of the application and affidavit required to effect resignation in lieu of discipline, Deutsch had neither submitted the documentation nor complied with the notice requirements within the two-week time period set by this Court on January 22. Disciplinary counsel asked this Court to issue an order directing Deutsch to appear and show cause why he should not be held in contempt of court or disbarred. A show cause hearing was scheduled for March 4.

On or about February 25, 1992, Deutsch filed a response alleging that he had been out of town and did not receive the draft resignation documents which were sent by certified mail. Deutsch also alleged that he had, as of that time, completed the resignation documents and tendered them to disciplinary counsel and given notice of his "resignation" to his clients. He advised this Court that he would be unable to appear on March 4 and asked the Court to accept his resignation. For the convenience of Deutsch, the March 4 hearing was rescheduled for March 18 and notice was sent to him by the clerk of this Court at his address of record.

Subsequently, disciplinary counsel filed a supplement to the previously filed motion for an order to show cause. In this supplement, she advised the Court that contrary to his representations, Deutsch had not completed the resignation documents. Specifically, Deutsch had returned the required signed affidavit to disciplinary counsel, but it was not notarized as required by Rule 17–209(B). Disciplinary counsel advised that the resignation documents had been sent back to Deutsch at his address of record, with an explanation of the defect. Disciplinary counsel also reported that Deutsch still had not given notice to all of his clients and had not satisfied the requirements of Rule 17–212 regarding documents to be furnished to the Court and disciplinary counsel concerning the notice process.

When this matter came on for hearing on March 18, disciplinary counsel

appeared, but Deutsch did not.[1] Nor did Deutsch submit the required resignation documentation. This Court then took under advisement the request of disciplinary counsel that Deutsch be disbarred.

 Deutsch originally was suspended by this Court. Since the order of suspension, however, he has failed or refused to abide by the orders of this Court that he comply with the notice requirements of Rule 17–212. Further, he has failed to appear before this Court as ordered on March 18, 1992, and has failed to show cause why discipline identical to that imposed in Texas should not be imposed here. These factors, together with the extremely serious nature of Deutsch's misconduct in Texas, convince us that it is now appropriate, pursuant to Rule 17–210, to impose discipline identical to that imposed by the State of Texas. Deutsch's resignation in the face of a pending disciplinary proceeding in Texas is, according to Texas State Bar Rules, tantamount to disbarment. This Court previously has held that disbarment is the appropriate sanction when the attorney has engaged in misconduct involving misrepresentation and moral turpitude in the misappropriation of client funds. *In re Duffy,* 102 N.M. 524, 525, 697 P.2d 943, 945 (1985).[2] We therefore find it appropriate to impose the identical discipline imposed in Texas and disbar Ronald E. Deutsch from the practice of law in the State of New Mexico.

IT IS THEREFORE ORDERED that Ronald E. Deutsch be and hereby is disbarred from the practice of law pursuant to SCRA 1986, 17–206(A)(1), 17–210, effective the date this order is filed.

IT IS FURTHER ORDERED that within ten (10) days from the effective date of his disbarment Deutsch shall file with this Court evidence of his compliance with Rule 17–212 and shall serve a copy of his affidavit of compliance upon disciplinary counsel.

IT IS FURTHER ORDERED that this opinion be published in both the *New Mexico Reports* and the State Bar of New Mexico *Bar Bulletin.*

IT IS SO ORDERED.

---

1. We note that Deutsch has complained that he did not receive correspondence and notices concerning this matter because he was out of state. The record reflects all communications from the clerk of this Court and disciplinary counsel were sent to his address of record. All New Mexico attorneys have an obligation to apprise this Court and the State Bar of an official address of record at which the attorney will regularly receive mail. This is certainly no less true of attorneys involved in disciplinary proceedings. This Court previously has indicated that due process requirements are satisfied in disciplinary proceedings by providing notice by mail to a respondent-attorney at his address of record. To hold otherwise would encourage attorneys to "disappear at any critical juncture of a disciplinary proceeding." *In re Steere,* 112 N.M. 205, 207, 813 P.2d 482, 484 (1991).

2. We express no opinion on whether it would have been appropriate to allow Deutsch to resign, since he never furnished the Court with the documentation required to invoke the Court's consideration of the question.