This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37334**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**VICENTE TREJO,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant appeals from the district court's order revoking his probation, imposing judgment, partially suspending sentence, and unsatisfactorily discharging him from probation. [RP 102; DS 1] In this Court's notice of proposed disposition, we proposed to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** As we stated in our calendar notice, proof of a probation violation "must be established with a reasonable certainty, such that a reasonable and impartial mind

would believe that the defendant violated the terms of probation." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10. On appeal, we "view[] the evidence in a light most favorable to the State and indulg[e] all reasonable inferences in favor of the [district] court's judgment." *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258.

**{3}** In our calendar notice, we suggested that there was sufficient evidence that Defendant failed to appear for his appointment with his probation officer and, as such, that he violated his order of probation. [CN 5] In his memorandum in opposition, Defendant continues to argue that the evidence was insufficient because there was not a reasonable certainty that he had knowledge of his appointment with his probation officer and, as such, could not have knowingly violated the terms of his probation. [MIO 3-4] Defendant specifically argues that, although the probation officer testified that she left a voicemail, because of the "inconsistency with which different individuals review voicemails left on their private telephones, there can be no constitutionally valid presumption under due process principles that once a voice message is left then it therefore was received." [MIO 4-5]

**{4}** "Because loss of probation is loss of only conditional liberty, the full panoply of rights due a defendant in a criminal trial do not apply." *State v. Guthrie*, 2011-NMSC-014, ¶ 10, 150 N.M. 84, 257 P.3d 904 (alterations, internal quotation marks, and citation omitted). Although Defendant is entitled to due process in a probation violation hearing, *see id.* ¶ 12, "[w]e review [the district] court's decision to revoke probation under an abuse of discretion standard," under which, "it must appear the district court acted unfairly or arbitrarily, or committed manifest error." *Green*, 2015-NMCA-007, ¶ 22 (alteration, internal quotation marks, and citation omitted).

**{5}** Although there does not appear to have been any evidence at the probation revocation hearing that Defendant *in fact* received the voicemail left by his probation officer on his private telephone five days prior to their scheduled meeting, Defendant was placed on supervised probation for three years and was ordered to comply with the standard conditions of probation, as well as the condition that he comply with any other reasonable condition specified by the Probation and Parole Division of the New Mexico Corrections Department. [RP 67] Implicit in such conditions is the expectation that Defendant, under the supervision of his probation officer, would listen to his voicemails and comply with instructions in any voicemails left by his probation officer, to the extent they are reasonable. His probation officer's instruction to meet with him for an appointment five days after she left the voicemail is reasonable, and Defendant was reasonably expected to and required to comply. Although it is certainly possible that Defendant chose to ignore his voicemails on his phone for several days and, as such, did not hear the voicemail left by his probation officer, we are unpersuaded that the district court's implicit conclusion that Defendant was *given* proper notice by his probation officer to comply with her reasonable request that he appear for an appointment five days later is an abuse of discretion. *See Green*, 2015-NMCA-007, ¶ 22 (stating that, under an abuse of discretion standard, "it must appear the district court acted unfairly or arbitrarily, or committed manifest error" (alteration, internal quotation

marks, and citation omitted)); *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493 ("Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance." (internal quotation marks and citation omitted)); *cf. In re Martinez*, 1988-NMSC-033, ¶ 17, 107 N.M. 171, 754 P.2d 842 ("While due process does require adequate notice, our rules are clear that personal service and service by mail shall constitute such notice. We cannot find insufficient notice on the basis of an attorney's own failure to open and read what is received by him." (citation omitted)). Indeed, Defendant's failure to diligently listen to voicemails and read mail to ensure he is aware of reasonable requests made by the probation office cannot impute onto the probation officer a failure to properly notify him. *Cf. State v. Handa*, 1995-NMCA-042, ¶ 35, 120 N.M. 38, 897 P.2d 225 ("To allow a defendant to invite error and to subsequently complain about that very error would subvert the orderly and equitable administration of justice." (internal quotation marks and citation omitted)).

**{6}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order revoking Defendant's probation.

**{7}   IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**MEGAN P. DUFFY, Judge**