This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40451

**BRUHN ENTERPRISES, INC.,**
**a New Mexico corporation,**

   Plaintiff/Counterdefendant-Appellee,

v.

**CHRIS GUTIERREZ,**

   Defendant/Counterclaimant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Fred Van Soelen, District Court Judge**

Wesley O. Pool
Clovis, NM

for Appellee

Chris Gutierrez
Logan, NM

Pro Se Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}**     Defendant appeals from the district court's judgment and order awarding Plaintiff $1,275.95 plus attorney fees and dismissing Defendant's counterclaim. [RP 116] We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}** In the memorandum in opposition, Defendant continues to assert that the district court entered a default judgment against him. [MIO 4] In our proposed disposition, we proposed to conclude that the district court entered a judgment on the merits, rather than a default judgment. [CN 3] *See Chase v. Contractors' Equip. & Supply Co., Inc.*, 1983-NMCA-058, ¶¶ 3-8, 100 N.M. 39, 665 P.2d 301 (noting that it is permissible for the district court to enter a default judgment or receive evidence and enter a judgment on the merits where a party fails to appear for trial). Defendant has neither cited authority to suggest that the district court was not entitled to enter judgment on the merits under these circumstances nor identified anything in the record to indicate Plaintiff sought a default judgment or the district court intended to enter a default judgment on the merits. Instead, Defendant merely reiterates his belief that the district court improperly entered default judgment against him. A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Defendant has therefore failed to demonstrate error in the district court's judgment.

**{3}** Defendant also continues to assert that he did not receive notice of the merits hearing. [MIO 3-5] In our proposed disposition, we suggested that the evidence supports the conclusion that Defendant was given reasonably sufficient notice, by mail, of the date, time, location, and subject of the hearing. *See generally In re Martinez*, 1988-NMSC-033, ¶ 17, 107 N.M. 171, 754 P.2d 842 ("While due process does require adequate notice, our rules are clear that personal service and service by mail shall constitute such notice."); *Gonzalez v. Gonzalez*, 1985-NMCA-071, ¶ 28, 103 N.M. 157, 703 P.2d 934 (acknowledging that the adequacy of service of notice by mail—via a letter addressed to a defendant's last-known address—in giving a party reasonable notice and opportunity to be heard). In response, Defendant asserts that the district court and Plaintiff consistently sent correspondence to Defendant's former address in Solano, New Mexico, rather than the mailing address in Logan, New Mexico, that Defendant has listed on all his district court pleadings. [MIO 4]

**{4}** In making this assertion, however, Defendant has not identified any facts in the record to support such a claim, and he has not pointed to anything in the record to indicate he brought this matter to the district court's attention. *See Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)). In addition, Defendant has failed to acknowledge or respond to the facts in the record, and identified in our proposed disposition, which indicate: the notice for the hearing on the merits bears a court employee's signature certifying that a copy of the notice was sent to Defendant's Logan address; the district confirmed on the record that Plaintiff's counsel also mailed a copy of the notice to the Logan address; and Defendant responded to other notices and pleadings sent to the Logan address. [CN 4-5] Rather than responding to those facts, Defendant asserts the court clerk and Plaintiff's attorney engaged in "unfair trial tactics" and a "conspiracy to obstruct justice" to deprive him of due process and a chance to present his case. [MIO 4-5] However, Defendant has not

pointed to any facts in the record to support his assertion. *See Kepler*, 1995-NMSC-035, ¶ 13; *In re Estate of Heeter*, 1992-NMCA-032, ¶ 15, 113 N.M. 691, 831 P.2d 990 ("This [C]ourt will not search the record to find evidence to support an appellant's claims."). Defendant has therefore failed to demonstrate error as to this issue. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error.").

{5}     Finally, Defendant has not responded to our proposed conclusion that he failed to establish reversible error with regard to his assertion that the district court erred in dismissing his counterclaim. [CN 3-4; DS 3] When a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue. *State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306; *see also Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned). We therefore conclude Defendant has abandoned his argument.

{6}     For the reasons stated in our notice of proposed disposition and herein, we affirm.

{7}     **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**